# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

SG
Marvin Green
PSC 808 Box 15
FPO AE 09618
011-39(335)773-9719
marvin.green@eu.dodea.edu
Pro Se

VS.                    CIVIL ACTION NO. _____

Capt. Joseph Stuyvesant (Base Capt.)
SJA Kerry Abramson
PSC 812, Box 1000
FPO AE 09627-1000
abramsok@nassig.sicily.navy.mil
Phone: 011-39(095)86-5816

## COMPLAINT

MEMORANDUM OF POINTS IN SUPPORT OF THE LIFTING OF A BARMENT ORDER (PREVENTING CONTINUING MEDICAL TREATMENT AND SCHOOLING), AND A REQUEST FOR 3 DECLARATORY JUDGMENTS

### I. INTRODUCTION

Plaintiff, (Marvin Green on behalf of minor son, SG), submits this complaint in opposition to Defendant's (Capt. Joseph Stuyvesant, Base Capt.) continuing barment of SG from medical and schooling services at Naval Air Station, Sigonella. Plaintiff, a pro se litigant with no legal training, further requests a declaratory judgment per the www.massrelaw.org/glossary/d.htm

definition: "A determination by a court as to the legal rights of the plaintiff [SG in this case], with no order for relief. The judgment is binding on future litigation."

## II. STATEMENT OF FACTS

On April 10, 2006, SG entered the Hospital on Naval Air Station (NAS), Sigonella for ACL reconstructive knee surgery. The surgery was successful with the exception of post surgery, moderately unusual nerve palsy – where SG is no longer able to raise his left foot or toes and the top of his foot remains numb. SG must now wear an orthotic brace for all extra residential activities. SG was engaged in a physical therapy program devised by Dr. Kahn, (SG's orthopedic surgeon), until:

On the morning of June 27, 2006 Sophia Torok was served a barment order, effective 0:01 am June 30, 2006. "DoDDS" and "CO, Hospital/Dental" were copied. SG was specifically singled out with the words: "...your son [is] hereby barred..."

On June 30, 2006, (the effective date of the June 27 order), SG was barred from access to Naval Air Station (NAS), Sigonella. At that particular moment, Plaintiff and SG were residing in the Alumni Summer Inn on the University on California, Santa Barbara campus - conducting a pre-registration assessment and campus orientation.

_____ SG v. Base Captain
A Minor's Right to Separate Adjudication

On Monday July 3, 2006, at approximately 11 a.m., Plaintiff approached Santa Barbara County Sherriff's station with the intent of filing "reckless disregard" and "child endangerment" charges against Capt. Stuyvesant. Plaintiff was directed to the Port Hueneme naval facility.

On or about July 10, 2006, Plaintiff and SG, having returned to Los Angeles, sought medical advice from SG's former pediatrician, Dr. Friedman who recommended the Beverly Hills Orthopedic Group. On July 12, 2006, Plaintiff and SG, on SG's decision, telephoned Dr. Kahn and read to him the Base Barment Order prior to seeing orthopedic Dr. Joseph Isaacson. Dr. Kahn indicated surprise and no fore-knowledge of the barment from his care. Dr. Isaacson found that "[SG had] stiffness in the left knee and peroneal nerve palsy [...and] recommended he continue physical therapy." Plaintiff and SG telephoned Dr. Kahn and read him the results, sought and obtained Dr. Kahn's support for follow-up remedial actions upon SG's return to the NAS Sigonella area.

On July 24, 2006, Plaintiff contacted Dr. Kahn requesting assistance in obtaining "continue[d] physical therepy" "with an ongoing medical procedure involving a minor." Dr. Kahn cooperated through his chain of command.

Today is August 1, 2006, SG has been barred from direct contact with Dr. Kahn for the month of July and "continued physical therapy" for 17 days.

### III. ARGUMENT

_____ SG v. Base Captain
A Minor's Right to Separate Adjudication

SG has bonded psychologically with his primary physician, Dr. Kahn, and requires his participation in his care until such time as he may fully recover from surgery.

SG has been associated with Stephen Decatur Secondary School (DoDDS school NAS, Sigonella) since entering the 6th Grade five years ago. SG has one ~~stinking~~ *my* year left to graduate. It is a common practice to allow graduating seniors to complete school with their friends – military and civilian personnel routinely extend their tours or sometimes leave their dependent child with friends in order to allow the student to complete their senior year. The barment order is defective in that it has co-mingled SG's fate and rights with that of his mother - rather than with the rights which flow from his relationship with Plaintiff.

In SG's own words: "Why is this happening to ME, I haven't done anything wrong!"

## IV. CONCLUSION

Plaintiff requests the immediate setting aside of the June 27th Barment order – noting that SG requires access to Dr. Kahn for psychological reasons that bear directly on his rate of recovery from surgery; and that school commences in 3 weeks; and that further impediment of either matter may negatively affect his lifetime earnings potential.

_____ SG v. Base Captain
A Minor's Right to Separate Adjudication

Plaintiff requests a declaratory judgment that the Barment order of June 27 represents "reckless disregard" in its execution and is legally defective in its failure to separately recognize SG's continuing status as a DoD Civilian's dependent – independent of his mother's mis-classification.

Plaintiff requests permission to, and a declaratory judgment that, Plaintiff as parent has the right to file civil "reckless disregard" and/or "child endangerment" charges, (or other similar laws as might be more applicable), against the office of Base Capt., NAS, Sigonella – under California law.

Plaintiff requests permission to, and a declaratory judgment that, Plaintiff as parent has the right to file civil "reckless disregard" and/or "child endangerment" charges, (or other similar laws as might be more applicable), against the office of Base Capt., NAS, Sigonella – under Federal law.

Dated: August 1, 2006

By _____
Marvin E. Green
PSC 808 Box 15
FPO AE 09618
011-39(335)773-9719
marvin.green@eu.dodea.edu
Pro Se