Marvin Green
220 PINCKNEY ST APT B
SAN ANTONIO TX 78209-6904
marvin.e.green@us.army.mil
C 210-389-6231, H 210-824-0959

In The

# District Court of the United States – District of Columbia

|  |  |  |
|---|---|---|
| | ) | Case No. <u>06-1434 RBW</u> |
| | ) | |
| Marvin Green, | ) | MOTION FOR TEMPORARY |
| Plaintiff, | | RESTRAINING ORDER LIFTING |
| v. | | BARMENT ORDER #2 |
| | ) | |
| Capt. Stuyvesant, | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| _____ | ) | Date: December 12 2006 |
| | ) | |

## I. <u>INTRODUCTION</u>

Plaintiff has filed 06-1008RBW, 06-1009RBW, 06-1141RBW and now 06-1434RBW. These cases form a sequence of related events where Plaintiff has been forced to reactively focus on various capricious enforcements directed at Plaintiff from two agencies at odds with one another. Plaintiff believes that the court remains unapprised as to extent of the ongoing harm that Captain Stuyvesant's reckless and callous disregard for the welfare of Plaintiff's family – whatever the legal outcome of these proceedings is.

## II. <u>STATEMENT OF FACTS</u>

On or about the year 2000 Plaintiff made an appointment with Navy lawyer Lt Hairston of the NAS Sigonella Legal Office. Plaintiff's wife, Sophia Torok, had indicated to Plaintiff a desire to remain in the Sigonella area even if Plaintiff was reassigned or found alternative employment elsewhere. Plaintiff asked Lt. Hairston a hypothetical question: "If I scheduled a PCS move and had the movers come to pick up my house hold goods, what would happen if my wife refused or tried to prevent them from moving us?" He said that the movers would leave and not return until the couple agreed.

On or about October 2003 , Plaintiff interviewed at the Vincenza DoDDS Mediterranean District Office for a 2 year renewal contract in DoDDS-E. Plaintiff selected Systems Administration as a GS 2210 specialty and informed Mr. Dobson that Plaintiff was available to go anywhere in Europe but that Plaintiff's family were remaining in Sigonella. This interview resulted in the signed renewal contract of May 25, 2004 where Plaintiff signed believing that Plaintiff would not be required to move Plaintiff's family and that Plaintiff would receive the rest of Plaintiff's housing allowance to cover the Sigonella house as a primary residence and a modest remote apartment 300 miles north in the Naples area. (Plaintiff was always about 30% below the maximum allowable housing allowance in Sigonella).

On November 28, 2005 Captain Carson informed Plaintiff that it was possible to deport a spouse utilizing an unelucidated "ERD" procedure, (presumably a deportation hearing although Plaintiff has never been

informed as to the acronym's exact meaning or the procedure that it may constitute).

On June 27, 2006 Capt. Stuyvesant issued the attached barment order, barring Sophia Torok and SG from Naval Air Station, Sigonella.

On June 29, 2006 Sophia Torok submitted her appeal of the barment order and was assured by the clerk that the Capt would see it that same day.

On June 30, 2006 the Barment order became effective.

## III. ARGUMENT

The barment order is based on the Joint Travel Regulation that a spouse must accompany the employed spouse.

Plaintiff makes the argument that because Lt Hairston informed Plaintiff that he could not force Sophia Torok to move and failed to inform Plaintiff of the "ERD" procedure, (which may have been used to convince Sophia Torok to move and create the awareness in Plaintiff that he could demand that she move) - when Lt Hairston was asked for his expert advice, and that since Lt. Hairston worked for the office of Captain of Naval Air Station Sigonella – Plaintiff was free to enter into a contract with DoDDS-E that did not require spousal accompaniment. The NAS Sigonella Captain should not be free to enforce regulations that may have been broken by virtue of ignorance allowed to continue by experts who are responsible to him for their failures to adequately inform when a general request for information is made of them.

To be clear – Plaintiff is not at this time arguing that Sophia Torok had the right to stay in Sigonella and continue working the two lesser jobs she obtained after DoDDS-E discriminated against her. Plaintiff IS arguing that Plaintiff exercised sufficient diligence in Plaintiff's concurrence with Sophia Torok's decision to remain in the NAS Sigonella commuting area. Plaintiff in exercising due diligence in making an inquiry of an expert had sufficient information to make a binding contract with DoDDS-E that precludes either the Navy or DoDDS-E from enforcing the JTR regulation on spousal movement.

## IV. <u>CONCLUSION</u>

Capt. Stuyvesant should be precluded from the barment of Sophia Torok from NAS Sigonella  for the good and sufficient reason that the inactions of his juniors led to the conditions upon which the barment order is based.

Date: December 12, 2006

/s/ Marvin E. Green