Dear Marlene,

This is to confirm our conversation of May 3, 2005, in which we discussed my options for my family in the matter of my work relocation to Naples Italy.

Initially I outlined my understandings and expectations, prior to accepting my management directed transfer. I stated that I had worked most of my career in private industry, and that in such an environment, when an employee suggests a solution that will save the employer money, the solution is generally welcomed. I outlined my present expenses and how they totaled approximately half of what I expected to be entitled to.

I then outlined various solutions that I had suggested and researched on my own, and presented to various DoDDS and DoDEA personnel, including: permanent TDY, voluntary special maintenance allowance, involuntary special maintenance allowance, just being left alone with no allowances - and how each of these had been rejected without any statement or outlining of any alternatives I might have.

I then outlined a suggestion that my wife had made two days ago, namely that we PCS as a family and that we would, at our own expense, maintain our house in Sicily as a vacation or secondary residence.

Your response was that if my family did not live with me, it would constitute a deception, for which I would be terminated and any allowances I might have received would then be retroactively collected from me.

I now find myself with no alternatives, and even less information than I had previously, in that I believed that since my son as my dependent had a right to attend any DoDDS school on a space available basis I would therefore at least list him on my PCS orders. You indicated that even this would constitute a deception for which I would be terminated.

Our conversation wound down as you asked me about Elgin and my inability to get an ID card without PCS orders. I asked you if it was valid to causally link, barred access to work (and hence termination), to an ID card, to PCS orders.

You indicated you would call Dr. Gladden seeking more information, and call me again tomorrow.

Marlene, I do not want to do anything that is deceptive or would jeopardize my employment, I am only seeking a solution that will also allow me to do what is best for my family. Please provide me with guidance in this matter, and if possible, answers to some of the questions I have raised.

Sincerely,

Marvin Green


-----Original Message-----
**From:** Green, Marvin
**Sent:** Monday, May 02, 2005 10:38 AM
**To:** Richardson, Marlene
**Cc:** Woods, Elgin
**Subject:** RE: Questions from GREEN, Marvin E. (Sigonella)


Dear Marlene,

I would very much like to talk to you. However, I'm not nearly as articulate verbally as in writing, so you'd have me at a bit of a disadvantage. Especially since you're the Chief of Personnel - I didn't think I was going to get past Elgin without a lot more work. I feel a bit bad for Elgin, as I've given him a bad time - but at least he responds, and fairly quickly at that. Of all the Personnelists I have worked with in Europe, he is the most responsive – so I hope this doesn't come back on him in a negative way.

In a related matter, I have been trying to get an ID card so that I can access my place of work and my son can access his school. I'm trying to impress on Elgin that there is no prerequisite requirement of new PCS orders for obtaining access to my place of work.

In our proposed conversation I hope to convince you that I am reasonable and looking for a solution to my PCS move and will answer any questions you may have in regards to my relocation as best I can.

As I was cleaning out my desk last week in anticipation of effective termination for lack of an ID card, I came across the business card of the JAG officer who told me some 4 or 5 years ago that I could not force my wife to move against her will.



I have attached a composite message from Dr. Gladden that marks the last of many efforts I have made to find a solution.

I look forward to talking to you. I think that between 8 and 12 your time is something like 1-5pm CET time. Call me on DSN 629-4538, for the best connection, or on my mobile phone after hours at: +39(335)773-9719.

Sincerely,

Marvin Green


**Marvin Green**

Help Desk Web Access:http://servicedesk.eu.dodea
Help Desk by E-Mail:Service.Desk@eu.dodea.edu
Help Desk by DSN Phone: 338-7927/40/36/43
Help Desk by Commercial Phone:0049 611 380 7927/40/36/43
My Cell: +39(335)773-9719
My DSN: 629-4538

My E-Mail: marvin.green@eu.dodea.edu
-----Original Message-----
**From:** Richardson, Marlene
**Sent:** Friday, April 29, 2005 4:08 PM
**To:** Green, Marvin

**Subject:** FW: Questions from GREEN, Marvin E. (Sigonella)

*Mr. Green;*

*The questions and/or concerns that you have regarding travel orders/pcs has been referred to me, I would like to discuss the issue with you via a telephone conversation. Please provide me with your number and a good time to contact you so that we may discuss.*

*Thanks,*

*Marlene Richardson*
*Customer Operations Team*
  *DoDDS-Europe*


-----Original Message-----
**From:** Saxon, Amy
**Sent:** Thursday, April 28, 2005 8:09 AM
**To:** Richardson, Marlene
**Subject:** RE: Questions from GREEN, Marvin E. (Sigonella)

Marlene,

Were you able to respond to Mr. Green?

Thank you.

**Amy S. Saxon**
**amy.saxon@hq.dodea.edu**
**Human Resources Specialist**
**DoDDS-E Customer Operations Team**
**703-588-3851**
**425-3851 (DSN)**
**703-588-5376 (Fax)**

-----Original Message-----
**From:** Saxon, Amy
**Sent:** Tuesday, April 26, 2005 8:54 AM
**To:** Richardson, Marlene
**Subject:** FW: Questions from GREEN, Marvin E. (Sigonella)

Marlene,

I know today is your first day back and I am sure you have a ton of e-mail, however, this issue needs to be addressed as soon as possible. Mr. Green's orders are in pending.

Thank you.

**Amy S. Saxon**
**amy.saxon@hq.dodea.edu**
**Human Resources Specialist**
**DoDDS-E Customer Operations Team**
**703-588-3851**
**425-3851 (DSN)**
**703-588-5376 (Fax)**

-----Original Message-----
**From:** Saxon, Amy
**Sent:** Thursday, April 21, 2005 8:04 AM
**To:** Burford, Terrie; Richardson, Marlene; Baldwin, Karen
**Cc:** Vogel, Laura
**Subject:** RE: Questions from GREEN, Marvin E. (Sigonella)

That is what I thought….but thought I would check with you first. I guess there is some background here that Rodger is aware if.

Thanks!

Marlene/Karen,

Will you contact Gloria Gladden regarding this issue?

Thank you.

**Amy S. Saxon**
**amy.saxon@hq.dodea.edu**
**Human Resources Specialist**
**DoDDS-E Customer Operations Team**
**703-588-3851**
**425-3851 (DSN)**
**703-588-5376 (Fax)**

-----Original Message-----
**From:** Burford, Terrie
**Sent:** Thursday, April 21, 2005 8:01 AM
**To:** Saxon, Amy; Richardson, Marlene

**Cc:** Vogel, Laura
**Subject:** RE: Questions from GREEN, Marvin E. (Sigonella)

Amy,

I apologize for not getting back with you any sooner.

I see where Mr. Green adds these remarks to his request for PCS orders. Since the questions are about sponsorship and legal type questions, rather than questions related to PCS travel, I would suggest that you or Marlene consult with Gloria Gladden or someone in the Wiesbaden personnel office.

Terrie

-----Original Message-----
**From:** Saxon, Amy
**Sent:** Wednesday, April 20, 2005 7:11 AM
**To:** Burford, Terrie
**Subject:** Questions from GREEN, Marvin E. (Sigonella)

Terrie,

Who can I refer these questions to?

Thanks!

**Questions from Mr. Green:**

I am currently seeking to understand what is allowable within current law and regulation.

Can a spouse refuse a PCS move as a matter of independent personal rights?

Has the government failed procedurally in not requiring that all family adults sign a mobility agreement?

Can a spouse refuse a PCS move as a result of loss of confidence in DoDDS performance as a sponsoring entity?

What is the sponsorship status of a dependent minor who elects to live, or who's parents agree that he should live with a sponsored or un-sponsored spouse?

What if the parents disagree as to with whom the child should live?

What if the parents disagree and the minor lives with one or the other by virtue of Italian law rather than parental agreement?

Sponsorship is as much a matter of rights and status in a foreign country as it is of finance.

If DoDDS withdraws financial sponsorship of my wife as a result of my wife's refusal to PCS – can they also withdraw her status as an accompanied spouse subject to sofa status under Italian law, since she remains the OCONUS spouse of a current DoD OCONUS employee?

If DoDDS withdraws financial sponsorship of my wife and/or family as a result of my wife's refusal to PCS – can they also withdraw my son's sponsored status as he remains a minor originally sponsored into the overseas area by a current DoD OCONUS employee?

DoDDS maintains a boarding school in England. Are those minors sponsored, and if so, wouldn't my child be entitled to the same level of sponsorship?

Can sponsorship be withdrawn from a spouse without informing her of the consequences of her decisions well in advance of the necessary point at which she has to make them?

**Amy S. Saxon**
*amy.saxon@hq.dodea.edu*
**Human Resources Specialist**
**DoDDS-E Customer Operations Team**
**703-588-3851**
**425-3851 (DSN)**
**703-588-5376 (Fax)**