Marvin Green
220 PINCKNEY ST APT B
SAN ANTONIO TX 78209-6904
marvin.e.green@us.army.mil
C 210-389-6231, H 210-824-0959

In The

## District Court of the United States – District of Columbia

|  |  |  |
|---|---|---|
| Marvin Green,<br>　　　　　　　　Plaintiff,<br>v.<br>Capt. Stuyvesant,<br>　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. <u>06-1434 RBW</u><br><br>MOTION FOR TEMPORARY<br>RESTRAINING ORDER LIFTING<br>BARMENT ORDER #3<br><br><br><br>Date: December 13 2006 |

### I. <u>INTRODUCTION</u>

　　　Plaintiff has filed 06-1008RBW, 06-1009RBW, 06-1141RBW and now 06-1434RBW. These cases form a sequence of related events where Plaintiff has been forced to reactively focus on various capricious enforcements directed at Plaintiff from two agencies at odds with one another. Plaintiff believes that the court remains unapprised as to the extent of the ongoing harm that Captain Stuyvesant's reckless and callous disregard is inflicting upon the welfare of Plaintiff's family. Defendant Stuyvesant has received multiple notifications of Plaintiff's contention of discrimination – yet he remains intransigent and unmoved - in doing nothing. Defendant Stuyvesant has

acted imprudently in his continuing infliction of injury upon Plaintiff's wife and child without demonstrating ANY benefit to the government by taking and now continuing his action of barment.

## II. STATEMENT OF FACTS

In Exhibit Nov 22 05, within the message dated November 20, 2005, Captain Stuyvesant was duly notified that there was a: "Failure to investigate my EEO complaint involving the Deputy Director of DoDDS-Europe."

In Exhibit "Jun 29 06 Rebuttal to Barment Order", Plaintiff's wife makes reference to: "The validity of my sponsored status is a matter pending review by U.S. District Court for the District of Columbia…"

On June 12, 2006, more than 2 weeks earlier than the Jun 29, 2006 barment order, Plaintiff completed and then mailed, (along with 06-1008 and 06-1009 related case forms), case 06-1141 RBW, which listed IG Captain Bruce Anderson as the recipient for the investigation; and so Plaintiff directed through the courts to the hands of Inspector General Captain Bruce Anderson, a case which contained an expanded notice to Captain Stuyvesant of his participation in the ongoing EEO allegation of discrimination that was being directed at Plaintiff's wife by DoDDS-E (meaning she had been denied work as a substitute teacher and was then required to abandon the lesser jobs she had obtained - by moving to Naples).

On October 18, 2006 Captain Stuyvesant is again notified of the discrimination directed at Sophia Torok by DoDDS-E.

III. ARGUMENTS

In Exibit Nov 22 05 within the message dated November 20, 2005, Captain Stuyvesant was duly notified that there was a: "Failure to investigate my EEO complaint involving the Deputy Director of DoDDS-Europe." Since the message containing the notification of a pending EEO complaint was in response to the Captain's assertion that Plaintiff's wife was to be tried for an alluded to DUI offense, a reasonable man would have concluded that Plaintiff's wife, (and sole care provider for Plaintiff's son (as evidenced by Exibit Nov 22 05's where Captain Stuyvesant invited Plaintiff to access legal assistance locally in the Naples area)), was the alleged victim of the asserted discrimination.

On June 12, 2006 Plaintiff completed and then mailed case 06-1141 RBW. The court should note carefully that case 06-1141 RBW is an item by item expansion of, and elucidation of, Plaintiff's November 20, 2005 request to Captain Stuyvesant for assistance and compassion in regards to the disposition of Plaintiff's wife. In particular, the final sections of both the November 20, 2005 message and case 06-1141 both deal with discrimination against Plaintiff's wife. In addition case 06-1141 was directed to IG Captain Anderson whom Captain Stuyvesant had recommended to Plaintiff for pursuance of the matters Plaintiff listed in the message of November 20, 2005.

The Navy command in Naples is senior to Captain Stuyvesant's base command and the legal office in Sigonella is a subservient branch of the Naples Navy legal office for which IG Captain Anderson works. Plaintiff, having followed Captain Stuyvesant's suggestions fully, having directed information relevant to the formulation of the barment order to the hands of the person Captain Stuyvesant suggested, then if Captain Stuyvesant formulated or signed the barment order without accessing the information contained in case 06-1141, he then formulating the barment order without a reasonable effort to obtain relevant information from either his senior legal office or from the court – since the District of Columbia Court case 06-1009 was mentioned in Sophia Torok's appeal. Alternatively, Captain Stuyvesant's office had knowledge of the allegation of discrimination and chose to behave with reckless disregard.

## IV. CONCLUSION

Capt. Stuyvesant should be precluded from continuing the barment of Sophia Torok from NAS Sigonella for the good and sufficient reason that his failure to make a reasonable effort to verify whether discrimination might be involved made him a willing party to that discrimination and equally culpable as to the injury caused - by his willing and reckless participation in discrimination by issuance of the barment order.

Date: December 13, 2006

/s/ Marvin E. Green