To: Diane Ohman
From: Marvin Green
Subject: Informal Grievance
Date: Oct 18, 2006

This informal grievance that I file with you, rather than Jeff Sutton, I do so based on DS Regulation 5771.9 Enclosure 5 paragraphs 4 and 5c - in that I have had rejected by Jeff Sutton and David Harrison two Informal Grievances related to an EEO complaint filed July 7, 2005.

On March 21, 2005 I brought to my supervisor's attention a procedure initiated upon me by Marjorie Lewallen in May of 2004 - after 7 years of service as an Administrative Technologist to Sigonella School Complex and only 7 weeks prior to my departure from her control. She initiated this procedure at a moment when, at 400 to 1, I had the highest ratio of computers to ATs - in the Med District. Subsequent to the principal's conference in Sept of 2004, Marjorie Lewallen bragged to Schools Officer Chief Naab that she had "dealt with Marvin Green" at the conference. Upon my arrival in Naples; Principal Kay Galloway's reiteration of the procedure supports Chief Naab's account.

My supervisor, in consultation with personnelist Elgin Woods, chose to confirm and continue the "check in" and "check out" procedure upon only me - up to the present time.

On or about July 12, 2005 I initiated an EEO complaint with our agency just prior to proceeding on the RAT travel mentioned in US District Court case 06-1009, which payment of was subsequently denied. This complaint was filed within the requisite 45 days following the retirement of Principal Marjorie Lewallen. I have continued to "check in" and "check out" daily to the present time and have been awaiting the "…nearly completed the establishment of a DoDDS IT employee handbook. In it is a requirement that all IT personnel sign in and out at their duty location. Since you are already doing that, I see no reason for you to stop." in the vain hope that the procedure initiated upon me was not both a discriminatory practice directed solely at me as well as a reprisal designed to reduce my credibility in advance of my EEO complaint in association with and in support of my wife and my previous local supervisor Dr. Groomes.

On Oct 10, 2006, Jeff Sutton rejected my informal grievance to: **"Should IT staff be put on a similar "check in" and "check out" procedure to the one you are on - as was promised to them on March 21, 2005?"** as **"the matter is not of personal benefit to you."**

An IT employee handbook has not been issued. No other hourly GS-2210 employees have or are required to "check in" and "check out" at the beginning and end of their work shift. I have been deceived into believing that my EEO complaint was not sustainable until my Oct 10, 2006 Informal Grievance RE: time keeping policy, confirmed that this procedure is not to be applied to any other GS-2210 hourly employees.

At present, my supervisor, David Harrison, is attempting to defend his continuation of the discriminatory practice against me by making last minute untimely demands of me in order to assert that a failure to comply on my part required his application of a discriminatory practice upon me. I stand upon the evaluations of any of my supervisors prior to Marjorie Lewallen – including Jim Bowers, Dr. Groomes, Tim Edwards and Tom Rowley


My EEO report contained 3 elements. Two eye witness reports of discrimination in the federal workspace – and additionally, one related assertion of discrimination by association upon myself.

The two eye witness reports of discrimination have been actionable since first reported. They have been reported to multiple officials, multiple times. The primary victims of these two instances of discrimination remain unable to assert their claims independently. In Sophia's case she is prevented from asserting her claim by psychological problems resulting from the discrimination and for which she is now receiving help. Dr. Groomes has always faced a low probability of success in the event of an assertion without the corroborating evidence that would be brought forth in an investigation of the other two elements of the report.

The discrimination I reported involving Dr. Groomes is independently verifiable – and yet it will derive much additional

2006-12-13

circumstantial conviction if the other 2 elements have been assessed and verified first, or perhaps, at least in parallel.

The discrimination I reported involving Sophia Torok has been investigated since Sophia's Leave and Earnings Statements ceased to be issued shortly after the report was filed with our agency. Yet the investigation remains incomplete in that eye witnesses, and other victims also discriminated against, have not as yet been interviewed. In particular, Rosa Rodriquez, the current Sigonella ES Educational Technologist, was also refused sub work by Marjorie Lewallen, denied a local hire Computer Science teaching position, a less qualified person was selected and she was only able to obtain sub work and subsequently the ET job by going through Fran Austin in the Elementary School. Gloria, the former librarian's Philippine husband, asserted to Sophia that he too was unable to obtain sub work and suspected it was based on his ethnicity. Anna Adorno insisted to me before departure to Puerto Rico that she was let go early as a result of hostility toward her by virtue of her Hispanic heritage. My son's Math Teacher, Mr. Pisinigan, filed a union grievance alleging discrimination and was sustained at the exact time that Marjorie Lewallen was practicing discrimination in the selection of substitute teachers. In my two years working for Marjorie Lewallen as an Administrative Technologist I failed to see any minorities working as substitute teachers at Sigonella HS.

The real failure here is in the EEO sections failure to investigate this matter even statistically on the basis of substitute teacher employment data which exists at each District Office. Substitute teacher applicants are assessed and accepted by the District Offices on a remote, unseen and objective basis forming an ethnically and culturally diverse list from which the Principals may select preferred candidates for the actual work involved. A statistical or even cursory view of the raw employment data would be revelatory of a Principal's discriminatory proclivities.

Enclosure 6, #6(3): Personal Relief specification: The remedies I am seeking in this informal process are: 1. An investigation of my original EEO complaint 2. An electronic copy of the "nearly completed" DoDDS IT employee handbook to verify creation date, modification date, authorship and the existence of the section requiring all GS 2210 employee's to "check in" and "check out" daily.

Related matters: Definitions

Deciding Official: In this informal grievance, you are the deciding official. In reviewing the matter it appears that Elgin Woods was the personnel representative servicing the IT section and the purported author of the "nearly completed" but never issued DoDDS IT employee handbook. He is currently the Labor Relations representative for the Med District and should have no role in these proceedings. I do recommend to you confidence in Med Superintendent Archie Bates, assistant superintendent Carl Albrecht (my supervisor from July-Nov '04), and assistant superintendent Japan DSO, James Bowers (principal Sigonella 97-02).

Fact Finder: I request a role for teacher Mike Mills as having had 2 years experience working with Marjorie Lewallen as the local teacher union representative and as having been a first hand observer of events in Sigonella HS from 1997 until present.

Investigator: I recommend Carl Albrecht and Mike Mills to you for the Informal Grievance and a key role in the event you order an EEO investigation.

Related matters: Timeline

According to DS Regulation 5771.9 Enclosure 5, #3, you have 10 days to respond to this Informal Grievance. Should you require longer – be informed that I am PCSing to San Antonio Texas and will require several weeks to become properly responsive after my November 3rd departure date, and for as reasonably long as it takes me to become domestically established locally in the Ft Sam Houston area.

**Marvin Green**
DSN: 629-4538
Cell: +39(335)773-9719
marvin.green@eu.dodea.edu

---

**From:** Cannon, Deborah
**Sent:** Friday, October 13, 2006 13:44
**To:** Harrison, David; Green, Marvin

2006-12-13

**Cc:** Gladden, Gloria; Sutton, Jeff
**Subject:** RE: Informal Grievance - regarding an EEO complaint Report of Investigation

For the record, I would like to correct the date in which Mr. Green contact the collateral-duty counselor, Ms. Ronna Poston. Ms. Poston did not give me a data as to when Mr. Green contacted her, but she stated that when he contacted her, he only asked for information on the EEO process, and she gave him the web site and explained that information should be posted at every DoDDS school. She claims that he did not discuss any issues her, nor did he give her any information about the problem he was having.

His date on the "formal" complaint form for contacting Ms. Poston is March 29, 2005, but he alleges that the alleged discriminatory act did not take place until June 10, 2005, for his wife, and on July 7, 2005, for him. The fax with the "formal" complaint form was sent on July 11, 2005, but I did not actually see the form until July 12, 2005.

Sincerely, Debbie

*Deborah W. Cannon*
*DMEO Program Manager*
*DoDDS-Europe*
*Diversity Management & Equal Opportunity Office*
*Unit 29649 Box 7600*
*APO AE 09096*
*DSN 334-2490; CIV 49-(0)6134-604-490*
*Cell Phone 49-(0)6162-234-2064*
*Fax DSN 334-2959; Fax CIV 49-(0)6134-604-959*
*deborah.cannon@eu.dodea.edu*
*DoDDS-E EEO Web Site*

*Not feeling like doing the right thing is no excuse for not doing the right thing.*

---

**From:** Harrison, David
**Sent:** Friday, October 13, 2006 11:35 AM
**To:** Green, Marvin
**Cc:** Gladden, Gloria; Sutton, Jeff; Cannon, Deborah
**Subject:** RE: Informal Grievance - regarding an EEO complaint Report of Investigation
**Importance:** High

Mr. Green,

After conferring with the EEO Program Manager for DODDS, the following facts have emerged:

1. You attempted to file a formal EEO complaint on 12 July, 2005.

2. On 12 July 2005, you were informed by an EEO Office email that you had to go through the informal process before you could proceed with a formal complaint. At that time you were notified of the procedures and given an intake form that you were to return by 19 July 2005.

3. You then sent an email to the EEO manager stating that you would be out of the country until 29 July 2006. Your suspense date was then change to 2 Aug 2005 to give you time to proceed.

4. On 17 August 2005, you called Ms. Ronna Poston asking where you could get information

2006-12-13

5.  On 17 August you were sent an EEO Office e-mail informing you that Ms. Poston had not counseled you, that you had not sent an intake form, that the EEO office had assumed that you had decided not to pursue your claim, and that your file was being closed.

on EEO. You were given the web site and explained that EEO information should be posted at every school. You did not discuss any issues with her.

6.  The EEO Office has heard nothing further from you on this.

Your informal grievance is herby denied, as there never was an EEO complaint filed.

Thanks,

**David Harrison**
Chief, Systems Administration Branch,
Information Technology Division
DoDDS-Europe
DSN 334-2462
Commercial +49(0)6134-604-462
E-Mail David.Harrison@eu.dodea.edu

---

**From:** Green, Marvin
**Sent:** Thursday, October 12, 2006 7:18 PM
**To:** Harrison, David
**Cc:** Gladden, Gloria; stuyvesantj@nassig.sicily.navy.mil; Mills, Mike
**Subject:** Informal Grievance - regarding an EEO complaint Report of Investigation

```
To: David Harrison
From: Marvin Green
Subject: Informal Grievance – EEO complaint, missing Report of Investigation
Date: Oct 12, 2006

On or about July 7-10, 2005 I initiated an EEO complaint with our agency just prior to
proceeding on the RAT travel mentioned in US District Court case 06-1009, which payment
of was subsequently denied. This complaint was filed within the requisite 45 days
following the retirement of Principal Marjorie Lewallen.

I am certain that the matter was investigated since my wife's Leave and Earnings
Statements ceased coming to our school mailbox shortly after filing this complaint –
although I did not become aware of this until later, and, perhaps relatedly, our access
to this mailbox was also subsequently terminated. I interpret the discontinuance of her
LES's as an investigation initiated termination action, or at least termination of
eligibility, since she was never used despite her availability, qualifications and
previous experience as a substitute teacher.

In November of 2005, while awaiting the Report of Investigation on the EEO complaint,
Capt. Stuyvesant reported to me uncharacteristic behavior on the part of my wife. I in
turn solicited his assistance in obtaining a referral to assist me with a "Failure to
investigate my EEO complaint involving the Deputy Director of DoDDS-Europe".

I assert that recently retired Deputy Director Candice Ransing involved herself in part
by protecting Marjorie Lewallen from the consequences of her discriminatory actions.

Relief Sought:
```

```
I request the Report of Investigation on my EEO complaint of July 2005.
```

**Marvin Green**
DSN: 629-4538
Cell: +39(335)773-9719
marvin.green@eu.dodea.edu

**From:** Jones, Kevin
**Sent:** Wednesday, October 11, 2006 08:09
**To:** Green, Marvin
**Cc:** Carver, Nicole; Dannar, Bambi (AAOT); Gladden, Gloria
**Subject:** RE: Marvin Green Pay Discrepancies
**Importance:** High

Mr. Green,

You are indebted for LQA and Post Allowance, for the period of 10 July, 2004 to 8 January, 2005. Your foreign allowances stopped upon transfer from Sigonella to Naples. There is no record, in DAPS, that you have submitted an SF 1190 to start receiving your foreign allowances, in Naples.

Attached you will find the debt letter that was sent you, dated 28 February, 2005. The address, which is the same as what is shown in My Pay, is still showing your Sigonella APO Address.

Thank you,

KEVIN T. JONES
Lead Customer Service Representative
DoDDS-Europe
DSN: 338-7937

I have always thought it would be a blessing if each person could be blind and deaf for a few days during his early adult life. Darkness would make him appreciate sight; silence would teach him the joys of sound. --*Helen Keller*

2006-12-13