UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARVIN GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1434 (RBW) |
| ) | |
| CAPTAIN STUYVESANT ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

Currently before the Court are the pro se plaintiff's two motions for Temporary Restraining Order Lifting Barment Order. On December 13, 2006, the plaintiff filed a Motion For Temporary Restraining Order Lifting Barment Order #2 against the defendant. The plaintiff requests that the Court preclude the defendant from enforcing the barment order barring the plaintiff's wife, Sophia Torok, from Naval Air Station Sigonella on the ground that the "inactions of [the defendant's] juniors led to the condition upon which the barment order is based." Motion For Temporary Restraining Order Lifting Barment Order #2 at 4. The plaintiff asserts that his wife indicated to him a desire to remain in the Sigonella, Italy area even if the plaintiff was reassigned or obtained alternative employment elsewhere. Id. at 2. On or about October 2003, the plaintiff interviewed at the Vincenza Department of Defense Dependents Schools ("DoDDS") Mediterranean District Office. Id. On May 25, 2004, the plaintiff was offered a position and signed a two year renewal contract with the belief that he would not be required to move his family and that he would receive the remainder of his housing allowance to pay for the Sigonella house as a primary residence

and a modest remote apartment 300 miles north in the Naples area. Id. The plaintiff contends that "because Lieutenant Hairston informed [him] that he could not force his [wife, Sophia Torok,] to move and [Lieutenant Hairston] failed to inform [him] of the 'ERD' procedure, (which may have been used to convince Sophia Torok to move and create the awareness in Plaintiff that he could demand that she move) – when Lieutenant Hairston was asked for his expert advice and that since Lieutenant Hairston worked for the office of Captain of Naval Air Station Sigonella– [the] [p]laintiff was free to enter into a contract with DoDDS-E that did not require spousal accompaniment. " Id. at 3. Therefore, the plaintiff asserts that [the defendant] should be precluded from enforcing the barment order issued on June 27, 2006, that has the effect of barring the plaintiff's wife and minor son from the Sigonella Naval Air Station located in Italy.[1]

On December 14, 2006, the plaintiff filed another Motion For Temporary Restraining Order Lifting Barment Order #3. Motion For Temporary Restraining Order Lifting Barment Order #3. The plaintiff requests a temporary restraining order against the defendant on the grounds that the defendant "acted imprudently in his continuing infliction of injury upon [p]laintiff's wife and child without demonstrating ANY benefit to the government by taking and now continuing his action of barment." Id. at 2. The plaintiff asserts that his wife was discriminated against by the Department of Defense Dependents Schools-Europe ("DoDDS-Europe") because she had been denied work as a substitute teacher and was then required to

---

[1] Based on the plaintiff's pleadings, it appears that the "barment order is based on the [Navy's] Joint Travel Regulation [which requires] a spouse to accompany the employed spouse." Motion For Temporary Restraining Order Lifting Barment Order #2 at 3. Therefore, the plaintiff's wife and son were required to move from the Sigonella Naval Air Station to Naples, Italy.

abandon her job and move to Naples, Italy.  Id.  The plaintiff alleges that he notified [the defendant] of the discrimination directed at his wife by DoDDS-Europe.  Id.  Further, the plaintiff contends that the defendant "should be precluded from continuing the barment of Sophia Torok from NAS Sigonella for the good and sufficient reason that his failure to make a reasonable  effort to verify whether discrimination might be involved made [the defendant] a willing party to that discrimination and equally culpable as to the injury caused – by his wiling and reckless participation in discrimination by issuance of the barment order."  Id. at 4.

  Before the Court can address the merits of the plaintiff's motions for a temporary restraining order, the Court must have the authority to exercise subject matter jurisdiction over this action and personal jurisdiction over the defendant.  The plaintiff has failed to set forth in his complaint or his motions the statutory or other legal basis for the claim he seeks to pursue or for this Court's jurisdiction over the claim.  It is established law that "federal courts are courts of limited jurisdiction."  Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).  "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  Id.  (internal citations omitted).  Since "subject-matter jurisdiction is an 'Art[icle]  III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'"  Akinseye v. District of Columbia , 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting Ins. Corp. of Ir., Ltd. v. Campagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982)).  Therefore, the  party asserting the court's jurisdiction has the burden of establishing that jurisdiction.  See  Julien v. CCA of Tennessee, Inc., 268 F.Supp. 2d 19, 21 (D.D.C. 2003) (citing Kokkonen, 511 U.S. at 377).

The party asserting jurisdiction also "carr[ies] the burden of establishing a factual basis for the Court's exercise of personal jurisdiction over the defendant[]." Murphy v. Price WaterhouseCoopers LLP, 357 F.Supp.2d 230, 242 (D.D.C.2004). "[T]he general rule is that a plaintiff must make a prima facie showing of the pertinent jurisdictional facts." First Chicago Int'l v. United Exchange Co., 836 F.2d 1375, 1378 (D.C. Cir.1988).  Accordingly, it is hereby this 28th day of December, 2006,

    **ORDERED** that the plaintiff's motions for Temporary Restraining Order Lifting Barment Order are denied without prejudice. It is further

    **ORDERED** that the plaintiff must show cause by January 25, 2007, why this case should not be dismissed for lack of subject matter and personal jurisdiction.

    **SO ORDERED.**

                                                  Reggie B. Walton
                                                 United States District Judge