Marvin Green
220 PINCKNEY ST APT B
SAN ANTONIO TX 78209-6904
marvin.e.green@us.army.mil
C 210-389-6231, H 210-824-0959

In The

## District Court of the United States – District of Columbia

| | |
|---|---|
| MARVIN GREEN for SG, | ) Case No. <u>06-1434 RBW</u> |
|               Plaintiff, | ) |
| v. | ) 2ND SUPPORTING MOTION TO |
| | ) COMPEL RULE LCVR7(M) WITH |
| Capt. Stuyvesant, | ) ADDITIONAL ARGUMENTS |
|               Defendant. | ) AGAINST DISMISSAL |
| | ) |
| | ) Date: January 17, 2007 |

## I. INTRODUCTION

Plaintiff wishes to advance additional arguments in support of requesting enforcement of rule LCvR7 (m) while simultaneously using the same and related arguments to argue against dismissal of this case and dismissal or change of venue in related cases 06-1008, 06-1009 and possibly 06-1141.

## II. STATEMENT OF FACTS

In Plaintiff's 3 unsealed cases we have 3 responses from 2 attorneys and a council substitution in cases 06-1008 and 06-1009.

MARVIN GREEN for SG v. CAPT. STUYVESANT

Kathleen in 06-1008 and 06-1009 took Plaintiff's Pro Se status into account and has been replaced.

The court undertook to formulate and write the Fox/Neal order.

Ms Borum in this case was aggressive and used her professional expertise and years of experience to her advantage without taking Plaintiffs Pro Se status into account while ignoring Plaintiff's attempted implementation of Rule LCvR7(m). When counseled by Plaintiff to read case 06-1141 she both took advantage of Plaintiff's statements to erroneously assert that Plaintiff was defending Plaintiff's wife in this matter – while simultaneously demonstrating that she did not read case 06-1141 (or ask Plaintiff for details in violation of rule LCvR7 (m)). She then made a mistake in moving for dismissal by in part asserting on her client's behalf that Plaintiff had no right to represent Sophia - when an examination of the final requested remedy in case 06-1141 would have demonstrated to Ms. Borum that Plaintiff has no pretension of representing Sophia.

### III. ARGUMENTS

In Defendant's Memorandum in Opposition to Plaintiff's Motions for Temporary Restraining Orders, footnote 1, Ms. Borum criticized Plaintiff's Pro Se captioning while at the same time misspelling the Captain's name in her exhibit's. Then she goes on to submit a massive volume of case law, full text NATO agreement, NAS Sig regulations that the Captain formulated for his own benefit after the initiation of these events, a checklist that the

MARVIN GREEN for SG v. CAPT. STUYVESANT

Captain formulated for his own benefit since the initiation of these events, Plaintiff's out of date orders, Sophia's appeal where he chooses to ignore this court, a congressional inquiry and knowledge of case 06-1141 (if he had made a good faith effort to inquire) and finally, the only really relevant piece of her motion to dismiss - the July 5 06 response to Sophia's appeal which he never properly served on Sophia and which we have not become aware of until it was submitted to this court as evidence.

This gem of a document is flawed for the following reasons:

1. It is back dated – a second fraud logged into evidence which further prevents the captain from exiting his ridiculous position even on humanitarian grounds and where he now demands that the court buttress his "ability to maintain discipline".

2. he expanded the reasons for barment from "failed to accompany sponsor" to "suspected drunk driving" – the barment order is invalid because it never contained his real reasons by his own words.

3. he never proved she was a drunk driver and the navy lawyer never answer her question as to what a CNRE was - and so they failed to accord her even Sigonella's poverty stricken version of "due process".

4. her "failure to cooperate with security patrolmen" indicts a "pack a day" asthmatic smoker who volunteered for a blood test before witness Greg Voltz while my son was starting to show preliminary

MARVIN GREEN for SG v. CAPT. STUYVESANT

signs of a seizure onset well after midnight after a long bus trip back from a sporting event.

5. the "suspected violation of my order not to drive on the installation" was a complete fabrication by security personnel too lazy to go look for themselves, who didn't realize she was taking the school bus and so just assumed she must be driving if she was getting to work every day - we have witnesses that she took the school bus that and every other day for her full year's "sentence".

6. "permission from the government of Italy" that he has actively prevented us from obtaining to the ridiculous extent of forcing us to seek dual citizenship for Sophia to circumvent his attempts to "maintain discipline". We even saw his picture in the Italian Newspaper next to the head of the soggorno office – so he likely has this issue tied up as tight as the strings on Nero's fiddle…

7. he has "no knowledge of the case of Marvin Green v. DoDDS" because he didn't make the reasonable effort of ordering his SJA to log onto the ECF system and print it out. No wonder Abramson quit to become a prosecutor in Los Angeles – at least he had the sense to smell the burning buildings…

8. if he was "unaware that you have communicated with a congressman" then he is at least guilty of not communicating with his SJA because one of the SJA's attorneys certainly "found" Sophia's

MARVIN GREEN for SG v. CAPT. STUYVESANT

appeal of her "implied consent" within days after Sophia's Mar 31 response from Congressman Waxman's office that they would inquire. Isn't there a rule that the court may constructively construe events co-incident in time to be linked to one another?

Ok, that was a bit of a rant and diverted Plaintiff from the point that Plaintiff wishes to make at this juncture.

Ms. Borum's approach to Plaintiff's Pre Se status was to both ignore that status by not responding per the cited court rule, use her professional expertise and Plaintiff's Pre Se naivety and statements derived from that naivety against Plaintiff, overwhelm Plaintiff with complexity and unchallenged verbiage that could have been reduced by the use of Rule LCvR7 (m) which was promulgated for just such a purpose – all of which thereby forced the court into writing the Fox/Neal order to defend Plaintiff's Pro Se standing.

If the court now denies the motion to dismiss and grants the motion to compel - the court will be affirming Kathleen's approach in cases 06-1008 and 9 (where she acknowledged Pro Se litigant's status) and serve notice upon Attorneys appearing before this court - sensitizing them as to their additional obligations when opposing Pro Se litigants, and thereby preventing them from obligating the court to perform this duty on their behalf.

IV. <u>CONCLUSION</u>

MARVIN GREEN for SG v. CAPT. STUYVESANT

Plaintiff believes that the motion to dismiss should be denied for reasons and arguments given. If the court finds any of the defendants points or cases cited as truly compelling I would ask that the court point them out individually so as to allow me the opportunity to deal with them each in detail – as opposed to the currently overwhelming confusion they have effected in Plaintiff so far.

Plaintiff has another argument that relates to Dept of State that I thought of last night:

DoDEA and DoDDS-E all operate on State Dept regulations. They seem to have received this right sometime after WWII due to the difficulty of recruiting teachers into the "military". In any case these regulations are formulated and published within D.C. court jurisdiction. They are central to this case in that I not only had the right to leave my family in Sigonella because the Navy Lawyer said I couldn't force her to move. I also had the right to leave them there because I informed DoDDS-E well in advance of this condition of employment renewal and they didn't quote me the JTR until they put it into court evidence – and they had a lot of State Dept regulations to choose from as they refused my good faith effort to resolve the situation by suggesting such State Dept regulations as a "Special Maintenance Allowance" or "Extended TDY" all of which are State Dept regulation that Dr. Gladden refused to even consider because of her Crony relationship with Deputy Director Ransing and Sigonella Principal Marjorie Lewallen – and

MARVIN GREEN for SG v. CAPT. STUYVESANT

much later their vulnerability to the Captain's decision to play me like a card in his confrontation with the DoDDS Elementary Principal in Sigonella.

    Plaintiff also requests and instruct from the court as to whether attaching a document to a pleading is sufficient or the same as submitting exhibits into evidence? Yet another reason to require rule LCvR7 (m) in Pro Se cases; it would foster greater communication, understanding and maybe even some cooperation - thereby conserving the courts time.

Date: January 17, 2007

                                        /s/ Marvin E. Green