Marvin Green
220 PINCKNEY ST APT B
SAN ANTONIO TX 78209-6904
marvin.e.green@us.army.mil
C 210-389-6231, H 210-824-0959

In The

## District Court of the United States – District of Columbia

|  |  |
|---|---|
| MARVIN GREEN for SG, <br>     Plaintiff, <br> v. <br> Capt. Stuyvesant, <br>     Defendant. | ) Case No. <u>06-1434 RBW</u> <br> ) <br> ) MEMORANDUM IN OPPOSITION TO <br> ) DEFENDENTS MOTION TO <br> ) DISMISS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Date: January 21, 2007 <br> ) |

## I. INTRODUCTION

Plaintiff wishes to advance additional arguments and evidence in opposition to Defendants motion to dismiss.

## II. STATEMENT OF FACTS

On or about April 2006 Plaintiff went to the Sigonella legal office and requested a copy of Sophia Torok's implied consent conviction and the incident upon which it was based. In the process of making my request I engaged 3 people in a conversation where I asserted that my son's needs required my wife to be able to drive. Heather the clerk was accommodating and helpful. The Italian local national employee was supportive of the Navy

position taken by the Navy woman. I am not certain but believe the Navy woman was Lt. C.T. Crews. I would characterize Lt. Crews as surprised to see me and animatedly aggressive. I tendered my documentation request and was assured by Heather, (in Lt. Crews presence), that the documents would be forthcoming.

On or about the week after May 4 2006 I received a denial of my request for documents concerning Sophia's "Implied Consent" conviction (and the incident it was related to) - from Lt. C.T. Crews (exhibit attached).

### III. ARGUMENTS

The Captains argument is simple. "I found a drunk driver, I banned her from my base, I can do that."

My counter argument is equally compressible. "I left my dependents in your care. You have done a really lousy job taking care of them."

Sophia directed me to go get her "implied consent" and related incident papers. She did so because she was afraid to go herself. In any case, by contacting me as sponsor at the genesis of these events and then refusing me the information I needed to act on Sophia's behalf they forward a sophomoric argument – I represent and am responsible for them when there is a problem and yet when I try to do something about it I "lack[s] standing to bring a cause of action on Ms. Torok's behalf"? (Ms. Borum's assertion).

When the Captain asserts: "My decision to bar you from the installation was based on several factors, including your suspected drunk

driving on the installation…" – he simultaneously reveals that the barment order is defective in that it is based on reasoning and facts other than those stated in the barment order (and this in of itself is a failure to allow Plaintiff's wife basic due process in filing an appeal); but simultaneously he is alluding to his own lack of diligence and training in his administration of justice.

When Captain Stuyvesant acted as appeals judge in Sophia's "implied consent" conviction he was an executive branch employee acting on behalf of or in the stead of the judicial. The sentence Lt Black handed down was essentially "by direction" in that he asserted in the hearing that: "his hands were tied" and then placed an exclamation mark after the verdict. Sophia was seemingly tried for drunk driving – not implied consent. The initial sentence was the same as that for drunk driving. The subsequent expanded final sentence seems to include base barment and loss of job – somewhat excessive considering the original crime which he failed to prove, denied the appeal, failed to follow normal due process and now requires of the court it's assistance in "maintaining order and discipline".

## IV. CONCLUSION

When I started to write this memorandum I was motivated to point out the apparent illogic of Ms. Borum's assertion of my need "to prove some set of facts that would entitle him to relief" while simultaneously submitting a non disputation of facts memorandum.

MARVIN GREEN for SG v. CAPT. STUYVESANT

    The barment order is the fact. SG's name is still on it. Am I to rely on the good captain's sense of humanity in not fully enforcing it tomorrow? What of the period of time where SG was denied post surgery therapy – A period during which 2 doctors have asserted that this continued care was critical to a full recovery. SG still has not recovered full use of his foot. If he doesn't fully recover whose fault will that be? The Italian doctor said electrical stimulation was critical to full recovery. The Los Angeles doctor said continued physical therapy was a necessity. The Captain was negligent in including SG on the barment order. He prevented him from obtaining physical therapy for about 3 weeks. He stubbornly compounds his error by insisting that the court not restrain his order so that he can "maintain order and discipline".

    If the Captain wishes to maintain good order and discipline then he needs to rescind this barment order which is defective primarily because it includes my son on it, then reissue a new one based on the actual reasons - which the captain delineated in his appeal response.

Date: January 21, 2007

                                                /s/ Marvin E. Green