

**DEPARTMENT OF THE NAVY**
U.S. NAVAL AIR STATION, SIGONELLA, ITALY
PSC 812 BOX 1000
FPO AE 09627-1000

5720
Ser SJA/840
MAY 04 2006

Mr. Marvin Green
PSC 808 BOX 15
FPO AE 09618

Dear Mr. Green:

This letter is a response to your Freedom of Information Act request of 26 April 2006. In that request, you seek a copy of an Incident Complaint Report (ICR) 054613100962, suspicion of driving under the influence involving your wife, Sophia Torok. This office received your request on 26 April 2006, assigned it file number **FOIA-FY06055**.

Upon review of the requested document, I have determined that the information you seek is exempt from disclosure under 5 U.S.C. § 552(b)(6).

Because your request has been denied, you are advised of your right to appeal this determination, in writing, to:

**Office of the Judge Advocate General
OJAG Code 14, Washington Navy Yard
1322 Patterson Avenue SE Suite 3000
Washington DC, 20374-5066**

Your appeal must be postmarked within 60 calendar days from the date of this letter to be considered. A statement as to why your appeal should be granted should be included and the enclosed copy of this letter should be attached. Both the appeal letter and the envelope should bear the notation, "Freedom of Information Act Appeal."

Any questions concerning this matter should be directed to the Staff Judge Advocate at 624-5816.

I am the official responsible for the denial of your request.

Sincerely,

C. T. Crews
Lieutenant,
Judge Advocate General's Corps,
United States Navy
By direction

*Mr. Green,*
*If your wife wants a copy, she can come in and request it.*
*— Heather*

TOROK

1) ORIGINAL DECISION OF the LT. BLACK JUDGE

2) APPEAL OF LT. BLACK DECISION WITHIN 10 DAYS

Backdated

3) DECISION / RESPONSE a hearing TO THAT APPEAL

CLIENT CLAIMS NO RESPONSE

4) DOCTOR'S MEMO
DOCTORS

To whom it may concern:
Subj. Sophia Torok

When she appeared at traffic court, I accompanied her as her supervisor, Lt. Black Traffic was the Court Judge, and on hand was the female Navy Petty Officer (PO) and one male Petty Officer, they read the charges and Sophia explained to the court her events of the night. The female Petty Officer told her side of the story of the events, which was close to the events explained by Sophia. In her statement the female Petty Officer said she let her enter the military base because she did not appear intoxicated or have any odor of alcohol. She also stated that upon entering she blew on the Breathalyzer approximately 5 times and nothing happened and the Petty Officer let her enter the base, (Time approximately 1200am) and upon leaving the base (1210am) with her son, she blew on it approximately 10 to 15 times, Still could not blow hard enough to make the breathalyzer work, She ask to go to the bathroom, denied, drank of water, denied, smoke, denied, give blood for a blood test, denied, they said it would take to long and to much paper work. (Time 0230)

It was clear by now on what Lt. Black's verdict was going to be, he said that he had no other cores of action but to suspend her driving license for one year. (As per the base regulation). I asked, how can you say it is ok to drive on the base after asking her for her events of the evening and blowing into the breathalyzer and she was ok, but asked to do all these test only 10min. later? Lt Black's answer was that his hands were tied, and that she could appeal the courts finding within 10 days.

Woody Olasin