**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MARVIN GREEN,**<br>**o/b/o the minor child SG,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JOSEPH STUYVESANT,**<br>**Captain, U.S. Navy,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Civil Action No. 06-1434 (RBW)** |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTIONS TO COMPEL COMPLIANCE WITH LOCAL CIVIL RULE 7(m)**

The Defendant, through counsel, the United States Attorney for the District of Columbia, hereby respectfully submits the following memorandum in opposition to Plaintiff's motions to compel compliance with Local Civil Rule 7(m), Docket Entry Nos. 17 and 19.[1] Both motions should be denied because Local Civil Rule 7(m) does not apply in the manner Plaintiff asserts.

---

[1] Docket Entry No. 19 includes in its caption "Additional Arguments Against Dismissal." These arguments appear to comprise an eight-point recitation of the "flaws" in Captain Stuyvesant's July 5, 2006, response to plaintiff's wife, Ms. Torok, see Docket Entry No. 19 at 3-5, and an assertion regarding the import of State Department regulations, see id. at 6-7. Defendant will confine this filing to the applicability of Local Civil Rule 7(m), except to note that neither the perceived "flaws" in the Captain's response nor the State Department regulations are sufficient to invoke this Court's jurisdiction. A detailed response, filed concurrently with this Opposition, addresses the various rationales for dismissing plaintiff's complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff challenges an order issued by the Commanding Officer of Naval Air Station Sigonella (Italy), which barred plaintiff's spouse, Sophia Torok, and his minor child, SG, from accessing the base. See Complaint. The Defendant moved to dismiss the case, or in the alternative, for summary judgment, on December 18, 2006. See Docket Entry No. 11.[2]

On December 13, 2006, plaintiff petitioned this Court for a Temporary Restraining Order, essentially alleging that the barment order should be invalidated because plaintiff was misinformed as to whether Ms. Torok could remain in Sigonella after plaintiff had departed the area. See Docket Entry No. 8. Plaintiff followed this petition with a second request for a Temporary Restraining Order on December 14, 2006, Docket Entry No. 9. In this petition, plaintiff again challenged the barment order's validity, this time because the Commanding Officer had not adequately considered Ms. Torok's welfare and not fully considered the allegations of discrimination she had raised to representatives of the Department of Defense Dependent Schools - Europe. Id. The Defendant opposed these motions on December 21, 2006.

On December 28, 2006, this Court denied without prejudice plaintiff's petitions for a Temporary Restraining Order, and ordered plaintiff to show cause by January 25, 2007, why the case should not be dismissed for lack of jurisdiction. See Docket Entry No. 15. These Motions to Compel, and a "Motion . . . Providing Evidence of Jurisdiction . . .," Docket Entry No. 16, followed. The gravamen of plaintiff's Motions is that Local Civil Rule 7(m), or a settlement conference, should be required in this case to facilitate a less technical discussion of the

[2] A complete recitation of the facts relevant to this case may be found in the Defendant's Motion to Dismiss or, in the Alternative, For Summary Judgment, Docket Entry No. 11.

procedural posture and merits of his case. See Docket Entry No. 17, Section III (asserting that Defendant's failure to abide by Local Civil Rule 7(m) has precluded an early settlement); see also Docket Entry No. 19, Section III (asserting that Defendant's filings "could have been reduced by the use of [Local Civil Rule] 7(m)," and that counsel should be "sensitiz[ed]" to additional obligations when opposing pro se litigants).

**ARGUMENT**

Plaintiff's Motions to Compel Should be denied because Local Civil Rule 7(m) applies to non-dispositive motions, and does not apply in the manner plaintiff asserts. The Rule states:

> [b]efore filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement.

LCvR 7(m) (emphasis added). The purpose of the Rule is "to promote the resolution of as many litigation disputes as possible without court intervention, or at least to force the parties to narrow the issues that must be brought to the court." Ellipso, Inc. v. Mann, 2006 U.S. Dist. LEXIS 79827 (D.D.C., Nov. 2, 2006) (citing United States ex rel Pogue v. Diabetes Treatment Centers of America, 235 F.R.D. 521, 529 (D.D.C., June 2, 2006)).

On December 18, 2006, the Defendant moved to dismiss the case under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or in the alternative, for summary judgment under Fed. R. Civ. P. 56. Docket Entry No. 11. Such a motion is dispositive; in other words, "it is designed to decide [the] case[] or significant segments of [the] case[]." See generally 11 Moore's Federal Practice § 56.02 (Matthew Bender 3d ed.) (citing Original Committee Note of 1937 to Rule 56) ("summary judgment is 'method for promptly *disposing* of actions in which there is no genuine issue of

material fact.'" (italics in original); see also 2-17 Moore's Federal Practice and Procedure § 17.03 (comparing summary judgment with other dispositive motions, including motions to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6)). Thus, Local Civil Rule 7(m), which by its plain language applies only to non-dispositive motions, is plainly inapposite to the Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment.[3]

Finally, Local Civil Rule 7(m) is not intended to serve as plaintiff suggests – as a requirement for counsel for one party to relate and explain her legal strategy to the opposing party, pro se or otherwise. The Rule affords the parties an opportunity to resolve "as many litigation disputes as possible without court intervention," Ellipso, 2006 U.S. Dist. LEXIS 79827, thereby promoting the efficient use of scarce judicial resources. But Local Civil Rule 7(m) does not accomplish this objective by requiring opposing counsel to provide pro se litigants with legal arguments free of "complexity and unchallenged verbiage," see Docket Entry No. 19, Section III. Therefore, Local Civil Rule 7(m) does not function in the manner plaintiff desires, and does not apply to any motions presently before the Court. Accordingly, plaintiff's Motion to Compel compliance with the Rule should be denied.

---

[3] Defendant's other filing in this case was a Memorandum in Opposition to plaintiff's petitions for a Temporary Restraining Order (Docket Entry No. 13), to which Local Civil Rule 7(m) also does not apply.

**CONCLUSION**

WHEREFORE, Defendant submits that Plaintiff's Motions to Compel compliance with Local Civil Rule 7(m) should be denied.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-6531

OF COUNSEL:

Thomas F. Leary, LCDR, JAGC, USN
General Litigation Division
Office of the Judge Advocate General
1322 Patterson Avenue, S.E., Suite 3000
Washington, D.C. 20374-5066

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of January, 2007, I caused the foregoing to be served upon plaintiff via the Court's ECF electronic mail and by first class mail, postage prepaid, addressed as follows:

Marvin E. Green
PSC 808 Box 15
FPO AE 09618

and

Marvin E. Green
220 Pinckney Street, Apt. B
San Antonio, Texas 78209-6904

/s/ ____________________________________
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MARVIN GREEN,** | ) | |
| **o/b/o the minor child SG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-1434 (RBW)** |
| | ) | |
| **JOSEPH STUYVESANT,** | ) | |
| **Captain, U.S. Navy,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the Court on Defendant's Memorandum in Opposition to Plaintiff's Motions to Compel compliance with Local Civil Rule 7(m), Docket Entry Nos. 17 and 19. Upon consideration of Defendant's Opposition and the entire record of this case, it is this _______ day of ________________, 2007,

**ORDERED** that Plaintiff's Motions to Compel compliance with Local Civil Rule 7(m), Docket Entry Nos. 17 and 19, should be and hereby are DENIED.

________________________________________
UNITED STATES DISTRICT JUDGE

Copies to:

Marian L. Borum
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W., Room E4810
Washington, DC 20530

Marvin E. Green
PSC 808 Box 15
FPO AE 09618

and

Marvin E. Green
220 Pinckney Street, Apt. B
San Antonio, Texas 78209-6904