IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARVIN GREEN, | ) |
| o/b/o the minor child SG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-1434 (RBW) |
| | ) |
| JOSEPH STUYVESANT, | ) |
| Captain, U.S. Navy, et al. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
REPLY TO THE COURT'S ORDER TO SHOW CAUSE**

The Defendants, through counsel, the United States Attorney for the District of Columbia, hereby respectfully submit the following response to plaintiff's Reply to the Court's Order to Show Cause why plaintiff's case should not be dismissed for lack of personal and subject matter jurisdiction.[1]

---

[1] Plaintiff's first filing subsequent to the Court's Order to Show Cause why the case should not be dismissed for lack of personal and subject matter jurisdiction was styled "Motion for Temporary Restraining Order Lifting Barment Order and Providing Evidence of Jurisdiction and Request a Finding or Order for SG as to His Student Resedency [sic] Reqirements [sic]." See Docket Entry No. 16. Because this filing proffers "evidence of jurisdiction," it appears that it is a response to the Court's Order to Show Cause.

**FACTUAL AND PROCEDURAL BACKGROUND**

In a Complaint filed on August 8, 2006, plaintiff challenged an order issued by the Commanding Officer of Naval Air Station Sigonella (Italy), which barred plaintiff's minor child, SG, from accessing the base for continued medical treatment and schooling. See generally Complaint, Docket Entry No. 1. Defendants moved to dismiss the case or, in the alternative, for summary judgment, on December 18, 2006. See generally Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment ("Motion to Dismiss"), Docket Entry No. 11.[2]

On December 13, 2006, plaintiff petitioned this Court for a Temporary Restraining Order, essentially alleging that the barment order should be invalidated because plaintiff was misinformed as to whether his spouse, Ms. Torok, could remain in Sigonella after plaintiff had departed the area. See Motion for Temporary Restraining Order ("Motion for TRO 1"), Docket Entry No. 8. Plaintiff followed that petition with a second request for a Temporary Restraining Order on December 14, 2006, see Motion for Temporary Restraining Order ("Motion for TRO 2"), Docket Entry No. 9, in which he alleged that the barment order was invalid because the Commanding Officer had not adequately considered Ms. Torok's welfare, and not fully considered the allegations of discrimination she had raised to representatives of the Department of Defense Dependent Schools - Europe. Id. The defendants opposed these motions on December 21, 2006. See Memorandum in Opposition to Plaintiff's Motions for Temporary Restraining Orders ("Opp. to TROs"), Docket Entry No. 13.

On December 28, 2006, this Court denied without prejudice plaintiff's petitions for

---

[2] A complete recitation of the facts relevant to this case may be found in the Defendants' Motion to Dismiss or, in the Alternative, For Summary Judgment, Docket Entry No. 11.

Temporary Restraining Orders, and ordered plaintiff to show cause why the case should not be dismissed for lack of jurisdiction.  See Order to Show Cause, Docket Entry No. 15.  On January 14, 2007, plaintiff responded with a "Motion for Temporary Restraining Order Lifting Barment Order and Providing Evidence of Jurisdiction and Request a Finding or Order for SG as to his Student Resedency (sic) Reqirments (sic)," Docket Entry No. 16 ("Motion Regarding Jurisdiction").  In this filing, plaintiff argues that this Court has jurisdiction because "Plaintiff was more involved in District of Columbia matters, from mid 2003 until Nov 06, than being involved in or attached to any other state."  Motion Regarding Jurisdiction at p. 6.  In the filing, plaintiff also seeks a ruling that his minor son, SG, "has the independent right to elect California State Citizenship upon attaining his 18th birthday and is exempt from the one-year State Residency Requirement for purposes of in-state tuition rates."  Id. at 8.  Finally, plaintiff seeks an order directing Naval Air Station Sigonella to pay his wife, Sophia, "12,000 in lost income for 2006 thus enabling her to qualify as a California Head of Household thus allowing SG to apply for student financial aid utilizing her income solely."  Id. at 9.

**ARGUMENT**

I. **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF JURISDICTION.**

Notwithstanding his pro se status, plaintiff bears the burden of establishing that this Court has subject matter jurisdiction. See Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992); Rosenboro v. Kim, 994 F.2d 13, 17 (D.C. Cir. 1993). Plaintiff also bears the burden of establishing the necessary facts to substantiate in personam jurisdiction. See Kernan v. Kurz-Hastings, Inc., 175 F.3d 236, 240 (2d Cir. 1999). As explained in Edmonds v. U.S. Postal Service, 727 F.Supp. 7, 10 (D.D.C. 1989), aff'd in part and rev'd in part, 949 F.2d 415 (D.C. Cir. 1991):

> A plaintiff in district court must plead essential jurisdictional facts and must carry throughout the litigation the burden of showing that he is properly in court. "If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence." McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936).

In the motion to dismiss, defendants demonstrated that this Court: (1) lacks personal jurisdiction over the named defendants under a Bivens theory, see Bivens v. Six Unknown Named Agents of Fed'l Bureau of Narcotics, 403 U.S. 388 (1971); (2) lacks subject matter jurisdiction because plaintiff failed to exhaust his administrative remedies under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671-2680; and (3) lacks subject matter jurisdiction to consider plaintiff's request for a declaratory judgment under California and Federal Criminal Law. See generally Motion to Dismiss.

In response to the Court's Order to Show Cause, plaintiff has failed to address any of the defendants' jurisdictional arguments, and does not otherwise demonstrate any rationale for this Court to exercise subject matter or personal jurisdiction over this matter. Instead, plaintiff asserts that his efforts, from 2003 until 2006, to obtain employment with the Washington, D.C.-based United States Department of State demonstrates "that Plaintiff was more involved in District of Columbia matters . . . than being involved in or attached to any other state." Motion Regarding Jurisdiction at p. 6; see also id. at 7 (advancing a "more compelling argument for DC venue"). Hence, plaintiff's response to the Court's Order to Show Cause fails to establish the Court's jurisdiction, and this matter should be dismissed.[3]

## II. PLAINTIFF'S OTHER REQUESTS FOR RELIEF SHOULD BE DENIED BECAUSE THEY ARE NOT PROPERLY BEFORE THIS COURT AND DO NOT GIVE RISE TO THIS COURT'S JURISDICTION.

Although they are not relevant to his jurisdictional arguments, plaintiff advances two additional arguments in his Motion Regarding Jurisdiction. First, plaintiff seeks a ruling that his minor son, SG, "has the independent right to elect California State Citizenship upon attaining his 18th birthday and is exempt from the one year State Residency Requirement for purposes of in-state tuition rates." Id. at 8. Second, plaintiff seeks an order directing Naval Air Station Sigonella to pay his wife, Sophia, "12,000 in lost income for 2006 thus enabling her to qualify as a California Head of Household thus allowing SG to apply for student financial aid utilizing her

---

[3] Plaintiff persists in conflating the factual assertions and arguments raised in his other filings with this Court, Civil Action Numbers 06-1008 and 06-1009, with the factual assertions and arguments germane to this cause of action, Civil Action Number 06-1434. But plaintiff has not sought to amend his Complaint in this case -- as of right or by leave of Court -- to include additional causes of action. Accordingly, Defendants continue to limit their arguments to the causes of action articulated in plaintiff's Complaint.

income solely." Id. at 9.  However, plaintiff has not sought to amend his Complaint to include these causes of action in accordance with Federal Rule of Civil Procedure 15.  Consequently, neither argument is properly before this Court.  Even if these matters were properly before the Court, they both fail as a matter of law and should be dismissed for lack of subject matter jurisdiction.  See Fed.R.Civ.P. 12(b)(1).

> A.  **Plaintiff's Request to Exempt SG From California's One-Year Residency Requirement Must Be Dismissed.**

In requesting a declaration that SG "has the independent right to elect California State Citizenship upon attaining his 18th birthday and is exempt from the one-year State Residency Requirement for purposes of in-state tuition rates," plaintiff is seeking yet another "advisory opinion" from this Court with respect to SG's rights.  As defendants articulated in the Motion to Dismiss, Federal Courts have long refrained from providing "advisory opinions" in matters that arise "under circumstances which do not give a cognisance of them to the tribunals of the country."  Vieth v. Jubelirer, 541 U.S. 267, 302 (2004) (emphasis in original) (quoting 3 Correspondence and Public Prayers of John Jay 486-487).  Such "advisory opinions" are "beyond [even the Supreme Court's] power."  Id. (quoting John Jay at 487).

Moreover, plaintiff has failed to articulate any basis for this Court's jurisdiction over an action which clearly implicates California state law.  In addition, he has not indicated a waiver of sovereign immunity that would make the federal government, or a representative thereof, an appropriate defendant in an action to exempt SG from California's in-state tuition regulations.  Cf., e.g., Murray v. Colorado, 149 Fed. Appx. 772 (10th Cir. 2005) (affirming district court's dismissal of action brought against a state university, a state agency, and the university's

governing board of regents by state university students paying out-of-state tuition). Finally, Captain Stuyvesant is not a proper defendant in his individual capacity or his official capacity as the Commanding Officer of Naval Air Station, Sigonella, Italy. Therefore, plaintiff's request should be denied.

    B.    **Plaintiff's Demand For $12,000 in Lost Income for 2006 For Ms. Torok Must Be Denied.**

    **1. Plaintiff Lacks Standing to Seek Damages on Ms. Torok's Behalf.**

Plaintiff lacks standing to bring a cause of action for $12,000 in damages on Ms. Torok's behalf. In order to establish Article III standing, a plaintiff must show that "(1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." D&H Alfonso Realty Trust v. Garvey, 216 F.3d 1191 (D.C. Cir. 2000) (citing Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167 (2000); see also Lujan, 504 U.S. at 560-61.

"A party must generally assert his own legal rights and interests and cannot claim relief on the legal rights or interests of others." Kowalski v. Tesmer, 543 U.S. 125, 129 n.2 (2004) (quoting Warth v. Seldin, 422 U.S. 490, 499 (1975)). However, third-party standing may be permitted when a litigant can demonstrate: (1) an injury in fact; (2) that the litigant has a "close relationship" with the non-party; and (3) that there exists some hindrance to the non-party's ability to protect her own interests. Powers v. Ohio, 499 U.S. 400, 410-11 (1991).

Plaintiff has failed to establish Article III standing. First, while plaintiff claims $12,000 in "lost income for 2006," he has failed to offer any evidence, or allege any facts, to quantify this damages claim. Second, any alleged lost income of Ms. Torok, according to plaintiff, was the result of alleged "ongoing EEO . . . discrimination . . . by [Department of Defense Dependent Schools-Europe]," see Motion for TRO 2 at p. 2, and is not traceable to the gravamen of plaintiff's Complaint - - the lifting of the barment order preventing continued medical treatment and schooling for SG. See Complaint at p. 1. Finally, plaintiff has not established that it is likely that the alleged injury to Ms. Torok could be redressed by a favorable decision here.

Plaintiff also has failed to articulate why he has third-party standing to bring this action on behalf of Ms. Torok. First, plaintiff has not established the requisite "injury in fact." See supra. Second, although a "close relationship" might be assumed to exist between plaintiff and Ms. Torok, plaintiff has not alleged facts sufficient to draw such a conclusion. Id.; see also City of Roseville v. Norton, 219 F. Supp.2d 130, 144 (D.D.C. 2002) (noting that in considering a motion to dismiss for lack of standing, the Court must consider as true all material allegations in the complaint) (citation omitted), aff'd 348 F.3d 1020 (D.C. Cir. 2003). Finally, plaintiff has failed to allege any hindrance to Ms. Torok's ability to protect her own interests, and has provided no explanation for her absence in these proceedings. See generally Motion Regarding Jurisdiction; see also City of Roseville, 219 F.Supp.2d at 144 ("If there is some genuine obstacle . . . the third party's absence from court loses its tendency to suggest that [her] right is not truly at stake, or truly important to [her], and the party who is in court becomes by default the right's best available proponent.") (quoting Singleton v. Wulff, 428 U.S. 106, 116 (1976)). Accordingly, plaintiff's attempt to bring a third-party cause of action on Ms. Torok's behalf should be denied.

## 2. If Plaintiff's Claim is For Damages in Tort, He Has Failed To Exhaust Administrative Remedies.

Plaintiff's petition for $12,000 in money damages for "lost income" also fails because plaintiff has failed to exhaust his administrative remedies. It is a "long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51 and n.9 (1938) (citing cases applying the rule). The Supreme Court "ha[s] recognized that exhaustion of administrative remedies is required where Congress imposes an exhaustion requirement by statute." Coit Independence Joint Venture v. FSLIC, 489 U.S. 561, 579 (1989). "If Congress itself imposes an exhaustion requirement, courts must enforce its express terms. . . . In such cases, failure by a claimant to exhaust deprives federal courts of jurisdiction." FDIC v. Scott, 125 F.3d 254, 257 (5th Cir. 1997); see also EEOC v. Lutheran Social Services, 186 F.3d 959, 963 (D.C. Cir. 1999); Trafalgar Capital Assoc., Inc. v. Cuomo, 159 F.3d 21, 26 (1st Cir. 1998); Young v. Reno, 114 F.3d 879, 881 (9th Cir. 1997).

Under the Federal Tort Claims Act ("FTCA"), an action seeking money damages from the United States for an injury or loss may not be initiated in a Federal Court "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." 28 U.S.C. § 2675; see also McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); Simpkins v. District of Columbia Gov't, 108 F.3d 366, 371 (D.C. Cir. 1997) (quoting McNeil, 508 U.S. at 113) (plaintiff's failure to exhaust administrative remedies deprived the court of subject matter jurisdiction). Moreover, the FTCA

mandates that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency" within certain specified time limits. 28 U.S.C. § 2401(b); Kubrick v. United States, 444 U.S. 111, 117-18 (noting that courts are not to extend this waiver of sovereign immunity beyond what Congress intended).

Assuming arguendo that this action is construed to sound in tort, the FTCA requires plaintiff to file an administrative claim prior to instituting this action. 28 U.S.C. § 2401(b). Plaintiff has offered no evidence, nor has he asserted, that he has presented a claim under the FTCA to either the Department of the Navy or the Department of Defense. See generally Complaint; see also Docket Entry No. 16. Thus, if Plaintiff's claim is construed as sounding in tort, plaintiff has failed to exhaust his administrative remedies depriving this Court of subject matter jurisdiction.[4] See Fed. R. Civ. P. 12(b)(1).

### 3. If Plaintiff's Claim Is For Non-Tort Money Damages, the Tucker Act Precludes Jurisdiction.

The Little Tucker Act vests concurrent jurisdiction in the United States District Courts and the United States Court of Federal Claims over non-tort actions against the United States for amounts not exceeding $10,000. See 28 U.S.C. § 1346(a)(2). When the amount in controversy exceeds $10,000, however, exclusive jurisdiction is vested in the Court of Federal Claims. See 28 U.S.C. § 1491; Charles v. Rice, 28 F.3d 1312, 1321 (1st Cir. 1994) ("Claims against the United States exceeding $10,000, founded upon the Constitution, a federal statute a regulation, or

---

[4] Moreover, the government has not waived its sovereign immunity for constitutional torts, see Clark v. Library of Congress, 750 F.2d 89, 101-02 (D.C. Cir. 1984), or for any claim arising in a foreign country. 28 U.S.C. § 2680(k). Additionally, under the FTCA, the United States is the only proper defendant. Haddon v. United States, 68 F.3d 1420 (D.C. Cir. 1995). Accordingly, any claims against an individual defendant would be inappropriate.

contract, are in the jurisdiction of the Court of Federal Claims."). Therefore, this Court lacks jurisdiction to award monetary damages in excess of $10,000, and plaintiff's claim for Ms. Torok's alleged lost wages should be dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1).

## **CONCLUSION**

WHEREFORE, defendants submit that plaintiff has failed to show cause why his Complaint should not be dismissed. Any additional claims asserted in plaintiff's Motion Regarding Jurisdiction should be dismissed as well.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-6531


OF COUNSEL:

Thomas F. Leary, LCDR, JAGC, USN
General Litigation Division
Office of the Judge Advocate General
1322 Patterson Avenue, S.E., Suite 3000
Washington, D.C. 20374-5066

## CERTIFICATE OF SERVICE

      I hereby certify that on this 26th day of January, 2007, I caused the foregoing to be served first via the Court's ECF electronic mail and first class mail, postage prepaid, addressed as follows:

Marvin E. Green
PSC 808 Box 15
FPO AE 09618

and

Marvin E. Green
220 Pinckney Street, Apt. B
San Antonio, Texas 78209-6904

                                      /s/
                                    MARIAN L. BORUM
                                    Assistant United States Attorney