IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARVIN GREEN, | ) |
| o/b/o the minor child SG, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|   v. | ) Civil Action No. 06-1434 (RBW) |
| | ) |
| JOSEPH STUYVESANT, | ) |
| Captain, U.S. Navy, et al. | ) |
| | ) |
|       Defendants. | ) |

**DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

The Defendants, through counsel, the United States Attorney for the District of Columbia, hereby respectfully submit this Reply to plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

In a complaint filed on August 8, 2006, plaintiff challenged an order issued by the Commanding Officer of Naval Air Station Sigonella (Italy), which barred plaintiff's minor child, SG, from accessing the base for continued medical treatment and schooling. See generally Complaint, Docket Entry No. 1. Defendants moved to dismiss the case, or in the alternative, for summary judgment, on December 18, 2006. See Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment ("Motion to Dismiss"), Docket Entry No. 11.[1] Plaintiff filed a Memorandum in Opposition to Defendants' Motion to Dismiss ("Opp. to Motion to Dismiss") on January 21, 2007, see Docket Entry No. 20, to which the defendants now reply.

---

[1] A complete recitation of the facts relevant to this case may be found in the Defendant's Motion to Dismiss or, in the Alternative, For Summary Judgment, Docket Entry No. 11.

## ARGUMENT

Plaintiff has failed to address the arguments made in defendants' Motion to Dismiss. First, in the event that plaintiff's Complaint is construed as a Bivens action, plaintiff has failed to state a claim upon which relief should be granted, because he had not alleged, nor could he point to, a clearly established constitutional right that the defendants violated by issuing the barment Order. See Motion to Dismiss at pp. 11-15. Second, in the event that plaintiff's Complaint is construed as one arising under the Federal Tort Claims Act, this Court lacks subject matter jurisdiction because plaintiff had not asserted that he has exhausted his administrative remedies. See id. at pp. 15-17. Third, considering plaintiff's request for declaratory judgments under California and Federal Criminal law, plaintiff lacks Article III standing to advance these claims. In addition, these claims call upon the Court to render an impermissible "advisory opinion." See id. at pp. 17-19. Plaintiff's failure to offer evidence or argument to challenge or refute any of these arguments constitutes a waiver of the right to contest these arguments. Therefore, dismissal and/or summary judgment is warranted. See, e.g., Healy v. United States, 435 F. Supp. 2d 157, 160 (D.D.C. 2006) (deeming as conceded a plaintiff's failure to file necessary forms to file a claim under the Federal Tort Claims Act and noting "when a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire case.") (citation omitted).

Plaintiff's remaining arguments warrant dismissal as well. First, plaintiff, for the first time, alludes to a potential challenge to the Navy's denial, pursuant to the Freedom of Information Act ("the FOIA"), 5 U.S.C. § 552(b)(6), of his request for a copy of an "Incident

Complaint Report" documenting Ms. Torok's suspected misconduct. See Opp. to Motion to Dismiss at pp. 1-2 and Attachment 2 (noting as the basis for the report suspicion that Ms. Torok was driving under the influence). However, plaintiff has not sought to amend his Complaint in accordance with Federal Rule of Civil Procedure 15 to include a cause of action under the FOIA. Moreover, even if plaintiff had amended his Complaint, this Court would lack subject matter jurisdiction because plaintiff has not alleged facts to demonstrate that he has filed a timely appeal or otherwise exhausted his administrative remedies with respect to his FOIA request. See, e.g., Oglesby v. Dep't of the Army, 920 F.2d 57 (D.C. Cir. 1990) (noting that "Courts have consistently confirmed that the FOIA requires exhaustion of [the] appeal process before an individual may seek relief in the courts.") (citations omitted); Sliney v. Fed. Bureau of Prisons, 2005 U.S. Dist. LEXIS 36113 (D.D.C. 2005) ("The FOIA's administrative scheme favors treating failure to exhaust as a bar to judicial review.") (Walton, J.) (citing Wilbur v. CIA, 355 F.3d 675, 677 (D.C. Cir. 2004); Hidalgo v. FBI, 344 F.3d 1256, 1259 (D.C. Cir. 2003)).

Second, plaintiff asserts that his status as Ms. Torok's "sponsor" gives him standing to advance claims on Ms. Torok's behalf before this Court. See Opp. to Motion to Dismiss at p. 2. However, plaintiff's standing to represent Ms. Torok was not an issue in the defendants' Motion to Dismiss because plaintiff's Complaint quite clearly advocated only the interests of his minor son, SG, and not those of Ms. Torok. See generally Complaint (seeking invalidation of the barment order for various reasons relating to SG's health and welfare).[2]  Moreover, even if

---

[2] Standing was at issue in the defendants' Memorandum in Opposition to Plaintiff's Motions for Temporary Restraining Orders, Docket Entry No. 13, because plaintiff had advanced claims related to allegations of discrimination that concerned Ms. Torok. See Motion for Temporary Restraining Order, Docket Entry No. 9. The Court denied plaintiff's petitions without prejudice, and
(continued...)

3

standing had been at issue, plaintiff's "sponsorship" does not, of itself, entitle him to bring an action in this Court on Ms. Torok's behalf.  <u>See generally</u> Memorandum in Opposition to Plaintiff's Motions for Temporary Restraining Orders ("Opp. to TROs") at pp. 4-6 (discussing requirements for third-party standing), Docket Entry No. 13.  In this regard, plaintiff continues to ignore the fact that the benefits conferred on Ms. Torok and SG, by virtue of plaintiff's "sponsorship" in Sigonella, terminated when plaintiff was reassigned to Naples, Italy.  <u>See generally</u> Motion to Dismiss at pp. 19-20; <u>see also</u> Order to Show Cause at p. 2 n.1 (noting that under the applicable travel regulations, "the plaintiff's wife and son were required to move from the Sigonella Naval Air Station to Naples, Italy.").  Accordingly, plaintiff's assertion that his "sponsorship" of Ms. Torok entitles him to represent her interests before this Court is insufficient to confer jurisdiction over claims he attempts to bring on Ms. Torok's behalf.

Third, plaintiff hints at a renewed facial challenge to the barment order.  <u>See</u> Opp. to Motion to Dismiss at pp. 3-4 (characterizing the barment order as "somewhat excessive" and a denial of Ms. Torok's "basic due process;" averring "[t]he Captain was negligent in including SG on the barment order.").  Plaintiff does not cite any facts or advance an alternate legal theory to support these positions.  As defendants made clear in the Motion to Dismiss, the barment order is squarely within a Commanding Officer's broad discretion to control access to a military facility, and advances important governmental interests consistent with the Commanding Officer's

---

[2](...continued)
ordered plaintiff to show cause why the case should not be dismissed for lack of subject matter and personal jurisdiction.  <u>See</u> Order to Show Cause, Docket Entry No. 15. Nevertheless, plaintiff failed to address his standing to raise claims on Ms. Torok's behalf in his reply, the Motion for Temporary Restraining Order Lifting Barment Order and Providing Evidence of Jurisdiction and Request a Finding or Order for SG as to His Student Resedency (sic) Reqirements (sic). ("Motion Regarding Jurisdiction"), Docket Entry No. 16.

responsibility.  See Motion to Dismiss at pp. 8-11 (citing Navy regulations and cases interpreting the scope of the Commanding Officer's responsibility, including ensuring the "safety, well-being and efficiency of the entire command").  Furthermore, Ms. Torok was granted the opportunity to respond to the barment order, thereby affording her more process than is required under U.S. Supreme Court jurisprudence.[3]  See id. at 10 (citing Cafeteria & Restaurant Workers Union, Local 473 v. McElroy, 367 U.S. at 894-96.

Finally, plaintiff asserts that the barment order is invalid because the Commanding Officer's response to Ms. Torok's appeal details additional reasons supporting the barment order. See Opp. to Motion to Dismiss at p. 3 (asserting that the order was "based on reasoning and facts other than those stated in the barment order").  Ms. Torok's "suspected drunk driving on the installation," her "failure to cooperate with security patrolmen," her "suspected violation of [an] order not to drive on the installation," and her "failure to produce evidence [of] permission . . . to live and work in Sicily," see Motion to Dismiss, Exhibit 7, are unequivocally matters related to the "safety, well-being and efficiency of the entire command."  See 32 C.F.R. 700.802(a). Therefore, the Commanding Officer was well within his discretion to consider these matters in issuing the barment order.  But, even assuming arguendo that these additional rationales were not properly part of the Commanding Officer's calculus, the fact remains that "command sponsorship for all approved family members terminates upon the transfer of the sponsor." Motion to Dismiss, Exhibit 3.  Therefore, Ms. Torok and SG were "not entitled to remain in the

---

[3] A person precluded from accessing a military installation is not entitled to notice or a hearing.  See Cafeteria & Restaurant Workers, 367 U.S. 886, 894-896 (1961).  So, the fact that the Commanding Officer afforded Ms. Torok an opportunity to respond  already was more process than that to which she was legally entitled.  Plaintiff's apparent demand that she be afforded a second opportunity to respond is thus without merit.

local [Sigonella] area." See id., Exhibit 3. Ms. Torok did not provide evidence to the contrary in her terse four-sentence appeal, see Motion to Dismiss, Exhibit 6, and plaintiff has not alleged otherwise at any point in this lawsuit.[4] Thus, plaintiff's efforts to refute the validity of the barment order are entirely unavailing.

## CONCLUSION

WHEREFORE, for the reasons set forth above and in defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, this Court should dismiss plaintiff's Complaint or, in the Alternative, enter summary judgment in defendants' favor.

---

[4] Plaintiff asserts that he "left [his] dependents in [the defendants'] care." However, plaintiff, who is no longer stationed in Italy, let alone Sigonella, articulates no factual or legal basis for the asserted premise that the Commanding Officer of Naval Air Station Sigonella had assumed responsibility for plaintiff's dependents.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-6531


OF COUNSEL:

Thomas F. Leary, LCDR, JAGC, USN
General Litigation Division
Office of the Judge Advocate General
1322 Patterson Avenue, S.E., Suite 3000
Washington, D.C. 20374-5066

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 30th day of January, 2007, I caused the foregoing to be served via electronic mail addressed as follows: marvin.green@eu.dodea.edu, and by first class mail, postage prepaid, addressed as follows:

Marvin E. Green
220 Pinckney Street, Apt. B
San Antonio, Texas 78209-6904.

                                            /s/
                                          MARIAN L. BORUM
                                          Assistant United States Attorney