Marvin Green
220 PINCKNEY ST APT B
SAN ANTONIO TX 78209-6904
marvin.e.green@us.army.mil
C 210-389-6231, H 210-824-0959

In The

## District Court of the United States – District of Columbia

| | | |
|---|---|---|
| MARVIN GREEN for SG, | ) | Case No. <u>06-1434 RBW</u> |
| Plaintiff, | ) | REQUEST FOR A 2 WEEK |
| v. | ) | CONTINUANCE |
| Capt. Stuyvesant, | ) | |
| Defendant. | ) | |
| | ) | Date: February 12, 2007 |

## I. INTRODUCTION

Not wishing to remain on the defensive forever, I was working on a negligence treatise and neglected to open Defendant Council's last letter until last Saturday. I'm very happy with this reply as I feel it treats me with some respect while spelling things out sufficiently for me to understand.

I'd very much like a little more time to respond as I don't believe I really understood the term "subject matter jurisdiction" until I read Defendant Council's reply.

MARVIN GREEN for SG v. CAPT. STUYVESANT

I'd like to give a very succinct preview of what I'll argue and include a working draft of my negligence effort as it answers preliminarily Defendant Council's argument as to my efforts to seek agency administrative relief.

## II. SUCCINCT LIST OF ARGUMENTS TO BE MADE

"…failed to state a claim upon which relief should be granted…" My initial response to the barment order was to ask Calif. to press criminal charges. This may be a "shoot the moon" position but does satisfy the requirement; if Defendant Council would respond to me via e-mail she might find me somewhat reasonable for an idealist.

"…clearly established constitutional right…". Equal protection under the law. 1. if I had lived in a state I could have used local and state laws which bear on a Captain of a stateside base. 2. ( I was saving this for my appeal, in case I got dismissed) – Federal Court rules don't allow a TRO ahead of a case while most or all State laws do. I have a signed and dated TRO that this court's clerk returned to me, it was prior to the barment order seeking to keep Sophia's MWR job – had it been accepted, or even investigated minimally, the barment order would never have been issued. 3. The ambiguity of whether base provided lawyer's represent one or not lead to a false sense of trust when they actually work exclusively for the Captain and his interests and against their "clients" when the clients interest clashes with the Captain's orders.

"…not asserted that he has exhausted his administrative remedies…" This one leaves me slack jawed and virtually speechless. All 4 cases involve

2

MARVIN GREEN for SG v. CAPT. STUYVESANT

failures in the Administrative remedy process. The two agencies collaborated in these failures. I don't know what to say. I wouldn't wish these "administrative remedies" on a democrat.

"…Navy's denial, pursuant to the Freedom of Information Act…". I was pointing out that I counseled my wife to be patient and at least try every conceivable administrative remedy available. The navy insisted that I was the sponsor and the responsible one – then when I tried to deal with the situation they thwarted me as well.  The point is the breakdown of the administrative remedy process not the FOIA.

"…standing to advance claims on Ms. Torok's behalf…". In case 06-1141 I employed the Henny Youngman approach and asked the court to appoint her a lawyer. In this case I have tried to make matters focus primarily on SGs welfare. In cases 06-1008 and 9 especially, I intend to demonstrate discrimination by association against myself. I read the law on the internet and I'm fairly sure I have to prove that my supervisor and wife were discriminated against in order to make my case of "discrimination by association." These matters only relate to this case in so far as the Captain collaborated with DoDDS in denying the legitimacy of her sponsorship, terminated her from her MWR job, then again from her American Greetings job, now she can't attend his games, see the school nurse, talk to his teachers – why? Because the Captain thinks that probably she didn't blow hard enough on that breathalyzer intentionally. He won't read or look at any more

3

evidence and he will keep punishing her again and again and again until she either goes away or dies. Now who is SG supposed to respect and emulate – the Captain who must be right even if it kills his mother, the mother left with nothing so tries to suicide on SG's watch, or the quixotic father who disappears leaving him in the hands of matters he can't possibly comprehend or exert any control over?

"…Plaintiff continues to ignore the fact that the benefits conferred on Ms. Torok and SG, by virtue of plaintiff's "sponsorship" in Sigonella, terminated when plaintiff was reassigned to Naples…". Oh boy, Defendant Council needs to go read those laws carefully. That law only applies to sponsors who leave the theater, (Europe in this case). That was an intra theater reassignment. Defendant Council will find it common practice in Germany (where the bases are close together) for sponsors to send their dependents to adjoining bases for convenience alone – and those dependents are not ejected because they failed to accompany their sponsor – even if they left the immediate commuting area, as I did. I thought this was pretty clear from the "space available" laws I submitted originally with the case. Sigonella issued SG and Sophia an ID card that is still good at any other base in Europe. The orders I had to Naples and even the "delayed return" orders I now have to Texas both give them space available rights at any base in Europe. The breathalyzer and his documents illuminating the mishandling of the administrative remedy process is all the Captain has left.

MARVIN GREEN for SG v. CAPT. STUYVESANT

Besides all of that - the Captain was notified in the appeal of the barment order, (of case 06-1009), where the sponsorship issue will be adjudicated. Res Ipsa Loquitur – "Where the thing which caused the injury complained of is shown to be under the management of defendant or his servants and the accident is such as in the ordinary course of things does not happen if those who have its management or control use proper care, it affords reasonable evidence, in the absence of explanation by defendant, that the accident arose from want of care." (citation: 45 C.J. page 1193 – Negligence). The Captain has his own personal SJA "servant" to look up cases for him and I would have been very proud if either of them had asked me for a copy. The Captain has proved at least this level of negligence with his own documentation – and I will attempt to show that a constellation of 4 documents that he had under his control at one time raise the bar to prove criminal negligence.

"… Ms. Torok was granted the opportunity to respond…<u>more process</u> than is required…" Please, this is a farce. Has this Captain ever granted an appeal that in any way questions a decision of his? Don't tempt me to go fishing for documents. His "<u>more process</u> than required" is a deceit to lull the unsuspecting into failing to assert their rights in a timely fashion. He has twice here proved it to be a delaying tactic so that most "will give up all hope who enter.." into his administrative remedy labyrinth.

MARVIN GREEN for SG v. CAPT. STUYVESANT

"suspected drunk driving on the installation" – they stopped her as she entered the base, gave her permission to enter and drive on the base, then stopped her and insisted on the breathalyzer as she exited the base. It is all in the record of the implied consent conviction.

"" her "failure to cooperate with security patrolmen""" – the asthmatic smoker couldn't blow hard enough so volunteered before witnesses for a blood test – denied.

"…suspected violation of [an] order not to drive on the installation," – Don't you get it? THAT WAS A FABRICATION!!! Security was too lazy to go look. They presumed she must be driving because it had not occurred to them that she could get to the base on the school bus – every week day from October to June 30, almost a whole freaking year. Security said they had seen her in the parking lot sitting in her car with the keys in the ignition. Bus rider witnesses put her on the bus that day. Her car was 35 kilometers away at home that day. The base is 35 kilometers from home. The report mentions Peterno being 15 min away. We lived in Pedara 35 min away – they didn't even get the right town or time. And this you want to assert is: "unequivocally matters related to the "safety, well-being and efficiency of the entire command""?

"…failure to produce evidence [of] permission … to live and work in Sicily." Oh my God! I'm speechless. They sat on my soggorno application from 2003 until I left. Sophia's even longer. When I sent Sophia down to the

MARVIN GREEN for SG v. CAPT. STUYVESANT

Catania soggorno office with an Italian lawyer they told her to leave because Sigonella had reported her as an illegal alien and if they acknowledged her presence officially they would be obligated to deport her. And we can't get her a soggorno through normal Italian channels because they say she is part of the SOFA agreement – so it is up to Sigonella.

At least 40%, and possibly as high as 60%, of the SOFA folks in Sigonella do not have soggorno's. If the Captain enforced the soggiorno requirement fully only half the base would come to work tomorrow. I think we are talking about 15,000 people give or take a few. I know the schools were at about 800 students so maybe 15,000 is a bit high. Anyway, for people that are there for a year they don't even try to get soggornos for them.

I have 3 e-mails from the Italian lackey in the SJA office giving us instructions to apply for our soggorno's, which we followed meticulously, and then neither of us got one. Then Sophia tried to bypass with an Italian lawyer and then we went to Rome for her Hungarian dual citizenship. And now we are asserting a "failure to produce evidence [of] permission …to live and work in Sicily" on behalf of this Captain? Now I'm speechless.

## IV. CONCLUSION

I believe I've responded adequately to Defendant Council's last 6 page reply. If granted 2 more weeks I will attempt to expand on the Equal Protection argument - as my treatment here was too brief and without proofs. If the court wishes to decline the torture of my logic, that would be OK too. If

MARVIN GREEN for SG v. CAPT. STUYVESANT

Defendant Council wishes to give me another 2 or 3 pager on any glaring discrepancies I'd be happy to address them or expand on any of the assertions listed above.

Date: February 13, 2007

/s/ Marvin E. Green