Marvin Green
220 PINCKNEY ST APT B
SAN ANTONIO TX 78209-6904
marvin.e.green@us.army.mil
C 210-389-6231, H 210-824-0959

In The

## District Court of the United States – District of Columbia

| | |
|---|---|
| MARVIN GREEN for SG, | ) Case No. <u>06-1434 RBW</u> |
| Plaintiff, | ) |
| v. | ) REQUEST FOR FINDING RE: |
|  | ) STATUS OF APPEAL TO |
| Capt. Stuyvesant, | ) A CONGRESSPERSON AS IT |
| Defendant. | ) RELATES TO ADMINISTRATIVE |
|  | ) REMEDY PROCESS |
|  | ) |
|  | )   Date: February 25, 2007 |
|  | ) |

## I. INTRODUCTION

Captain Stuyvesant's response to the appeal of the barment order, (quite apart from being late, back dated and mis-served), contained both an acknowledgement as to the existence of, and denied knowledge of the details of, an appeal to a congressperson.

## II. STATEMENT OF FACTS

(A). On or about October 2005 Sophia Torok was convicted in an administrative hearing of refusing to blow on a breathalyzer. She was ably assisted in her hearing by an expert - he having worked as a safety officer. Mr Olson was so outraged by the handling of this proceeding that he

MARVIN GREEN for SG v. CAPT. STUYVESANT

spontaneously wrote the statement previously submitted into evidence and then assisted her in writing her appeal.

While she served half her 12 month sentence waiting for a response to her appeal she sought legal assistance from all of the 6 or 8 lawyers who advertise in the Stars and Strips. Sought legal assistance from the Italian lawyer that the base uses sometimes to represent Americans, (he declined stating that he needed the base's permission). She finally obtained assistance from a base legal assistance lawyer who did her best but failed to give promised assistance in the appeal of the appeal.

At the 167 day mark of waiting for the first appeal, without response, Sophia appealed her "implied consent" conviction to Congressman Waxman.

(B). Closely subsequent to the June 30 2006 Barment order of both SG and his mother, Plaintiff and SG limped into SG's congressional representative's office in Los Angeles and appealed the barment of SG from Sigonella Naval Air Station - to Congressman Waxman, represented by his case worker Christina.

### III. ARGUMENTS

Captain Stuyvesant's right to administer justice upon fellow citizens flows from the citizens, thru their elected officials, who pass laws entitling agencies, who appoint and imbue officials like Captain Stuyvesant with the rights and obligations to hear and decide infractions of the law. Inherent in the granting of these rights and obligations is recognition of the

MARVIN GREEN for SG v. CAPT. STUYVESANT

nonprofessional nature of these officials - and what naturally flows from this is the resultant importance of the integrity of the appeals process. When the appeals process can be shown to be compromised the granted right to administer justice by that individual is forfeit. A citizen appealing to their representative is both making a de facto indictment of the administrative remedy process, and is entitled to a full written adjudication of this final appeal - by the administrative agency's deciding official, defending their decisions and the appeals process, which can be presumed to have failed to bring about an equity in matters.

## IV. CONCLUSION

Sophia Torok has appealed her "implied consent" conviction to her congressperson; Captain Stuyvesant has acknowledged being informed of this and has as yet failed to make a written response to this appeal of his adjudications and those of his "servants".

SG has appealed his barment from Naval Air Station Sigonella directly to his congressperson; SG requires a full written adjudication of this appeal from Captain Stuyvesant justifying his decisions and detailing the process by which they were arrived at.

A finding that Captain Stuyvesant is required to respond to these appeals is requested.

Date: February 25, 2007

/s/ Marvin E. Green