Marvin Green
220 PINCKNEY ST APT B
SAN ANTONIO TX 78209-6904
marvin.e.green@us.army.mil
C 210-389-6231, H 210-824-0959

In The

## District Court of the United States – District of Columbia

| | | |
|---|---|---|
| MARVIN GREEN for SG,  <br>  Plaintiff,  <br> v.  <br> Capt. Stuyvesant,  <br>  Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. <u>06-1434 RBW</u> <br><br> MOTION FOR SUMMARY <br> JUDGEMENT AS TO DEFENDANTS <br> FAILURE TO CONTEST <br> EVIDENCE <br><br> Date: February 26, 2007 |

## I. INTRODUCTION

From Defendant Council's opposition to a 2 week continuance - "…devoid of evidentiary support and replete with self-serving assertions couched as statements of fact." Defendant Council is harsh but always educational. I will attempt to demonstrate.

## II. STATEMENT OF FACTS

In Oct 2005 I wrote a letter to Captain Stuyvesant, and included, in outline, the material that became case 06-1141. Captain Stuyvesant recommended me to Navy Inspector General Captain Bruce Anderson by calling him personally and then describing to me which building in Naples I

MARVIN GREEN for SG v. CAPT. STUYVESANT

should go to meet with him. Later when I requested the interview with Captain Anderson I was refused. So subsequently:

On June 12 2006 I completed and mailed case 06-1141 which now contained subsequent events where the Captain had become a participant. I did this just prior to departing with SG for Santa Barbara. I included related case forms for cases 06-1008 and 06-1009. Case 06-1141 contains these two statements material to this case, namely that:

"On or about the 1st week of December 2005, Jerry Ryan received a call from base military police summoning Sophia Torok to the NASII security office, alleging that she had been seen inside her car with the keys in the ignition. Sophia responded that the asserted incident was a fabrication in that she could produce witnesses that would place her riding the school bus to the base that day, (and every day since). This is one example of the "thorough review and consideration" that Capt. Stuyvesant was undertaking in preparation for his XO's stated intent to file an "ERD" (deportation proceeding)."

This fabricated incident is the basis for the presumption that she defied the Captain's order and drove upon the installation.

And this statement:

"On April 17, 2006 Lt. Paige Ormiston gave notification of a denial of appeal in the matter of Sophia Torok's "Drivers license suspension case." The notification of denial of appeal is dated January 9, 2006. This is exactly the maximum allowable time for a response to an appeal. The notification of denial of appeal ".pdf" format creation date is: " Created: 9/3/2006 10:56:17 " [March 9, 2006]. Plaintiff alleges that the dates on documents produced by NAS Sigonella are not wholly reliable and/or procedural timeliness is not being adhered to."

On June 27 Sophia was served with a barment order which effectively allowed 1 working day to appeal due to the orders nature which precluded the access necessary to submit a later, more measured response. The appeal referenced case 06-1009, I was precluded from listing case 06-1141 as the case number was as yet unknown to me - but I had included the related case

2

MARVIN GREEN for SG v. CAPT. STUYVESANT

forms which would give notice of all three matters under contest before this court.

Purportedly, on July 5 2006 or much later (and without effectively serving), Captain Stuyvesant cites as fact: "her suspected violation of his order not to drive on the installation" which was clearly under dispute in case 06-1141, (as was the Captain's proclivity for tardiness and back dating of documents).

On November 14 2006 Marian Borum was assigned to this case. On December 14, 2006 I forcefully directed Ms. Borum's attention to case 06-1141 and the interrelated nature of the 4 cases, stating that:

> "I don't really know why 06-1141 was sealed. I thought it my finest Pro Se effort to date. No investigation has been detected. I don't really see why 2 different attorneys have been assigned to 3 of the 4 related cases and why I have no input to the sealed case."

On December 19, 2006 Defendant's team filed a "STATEMENT OF UNDESPUTED MATERIAL FACTS" which seems oblivious of case 06-1141's contents by asserting: "her suspected violation of his order not to drive on the installation".

On page 20 of the December 19 2006 MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR <u>SUMMARY JUDGMENT</u> Defendants state that: "Because there is no dispute as to any material facts in this case,…" and includes a STATEMENT OF UNDISPUTED MATERIAL FACTS which again contains the whistleblower protected disputed material of "her suspected violation of his order not to drive on the installation".

3

MARVIN GREEN for SG v. CAPT. STUYVESANT

On January 15, 2007, in docket #17, (exhibit 1), Plaintiff attempted to compel Defendant's team to self interested actions and thereby again notified them as to the disputed fact and allegations included in case 06-1141.

On January 30, 2007, docket #23, Marian again, after how many notices, forceful notices, yet again trundles out this wearily disputed Captain's "self-serving assertion[s] couched as statement[s] of fact" of Sophia's "suspected violation of [an] order not to drive on the installation."

A Navy LCDR Leary is listed on most of Defendant's court submissions and presumable would have access to 06-1141 in the event it might be under investigation by its intended Navy recipient, Anderson.

06-1141 appears as a related case to this one:

> **1:06-cv-01434-RBW** GREEN v. STUYVESANT
> Reggie B. Walton, presiding
> Date filed: 08/14/2006 Date of last filing: 02/25/2007
>
> ## Associated Cases
>
> **Related Cases**
> 06-1141
> 1:06-cv-01008-RBW GREEN v. DOD DEPENDENTS SCHOOLS-EUROPE
> 1:06-cv-01009-RBW GREEN v. DOD DEPENDENTS SCHOOLS-EUROPE

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 02/26/2007 21:24:02 | | | |
| **PACER Login:** me1599 | **Client Code:** | | |
| **Description:** Associated Cases | **Search Criteria:** | 1:06-cv-01434-RBW | |
| **Billable Pages:** 1 | **Cost:** | 0.08 | |

4

MARVIN GREEN for SG v. CAPT. STUYVESANT

### III. ARGUMENTS

Upon learning of case 06-1009, a reasonably diligent Captain would have detailed one of his 10 to 20 legal "servants" to find out that he was now a participant in discrimination (06-1009), while interfering with an extant court case (06-1008), which was disputing the essential facts (06-1434) - of the barment order, and had been charged with manufacturing evidence and falsifying documents (06-1141).

Notice of case 06-1141 was constructively given in the appeal of the barment order when the then known related case 06-1009 was referred to the Captain's attention. The Captain, with a relative excess of legal resources to command, was given sufficient caution so as not to commit falsified facts to this court record had he exercised even minimal diligence.

Defendant councils have been given the Captain's notice - plus four additional notices, and yet apparently to this moment have still as yet not appraised themselves of these disputed material facts – rather they have after good and sufficient notice submitted a STATEMENT OF UNDISPUTED MATERIAL FACTS to this court.

### IV. CONCLUSION

I seek a finding or a summary judgment from this court that the Defendants have conceded the two disputed facts listed herein, plus this defendant has conceded this Plaintiff's previously advanced supposition that

MARVIN GREEN for SG v. CAPT. STUYVESANT

this defendant coordinated actions with DoDDS-E for purposes of my further prosecution of case 06-1009 and 06-1008.

I seek an additional expansion of the finding to include an encumbrance upon the Defendant that from this point forward it is he who must now prove his statements not to be "…devoid of evidentiary support and replete with self-serving assertions couched as statements of fact."

Date: February 27, 2007

/s/ Marvin E. Green