IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARVIN GREEN, ) | |
| o/b/o the minor child SG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1434 (RBW) |
| ) | |
| JOSEPH STUYVESANT, ) | |
| Captain, U.S. Navy, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT[1]**

The Defendant, through counsel, the United States Attorney for the District of Columbia, hereby respectfully submits the following Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment, Docket Entry No. 27. The motion should be denied because Plaintiff has not demonstrated the absence of a genuine issue of material fact.

---

[1] Plaintiff's Motion is styled "Motion for Summary Judgement as to Defendants Failure to Contest Evidence" and was filed without reference to any Local or Federal procedural rules. Defendant is treating the motion as one for partial summary judgment under Fed. R. Civ. P. 56(a), and responds accordingly.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

Plaintiff challenges an order issued by the Commanding Officer of Naval Air Station Sigonella (Italy), which barred plaintiff's minor child, SG, from accessing the base. See generally Complaint. Plaintiff specifically alleges that the Barment Order was "legally defective in its failure to separately recognize SG's continuing status as a [Department of Defense] Civilian's dependent . . . ." Id., Part IV.

The parties have fully briefed this matter. See Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment, Docket Entry No. 11, ("Defendant's Motion to Dismiss"); Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, Docket Entry No. 20; Defendant's Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss or, in the Alternative, For Summary Judgment, Docket Entry No. 23. The parties also have responded to the Court's Order to Show Cause why this case should not be dismissed for want of personal or subject matter jurisdiction. See Court's Order of December 28, 2006, Docket Entry No. 15; Plaintiff's Reply to the Court's Order to Show Cause, Docket Entry No. 16; Defendant's Response to Plaintiff's Reply to the Court's Order to Show Cause, Docket Entry No. 22.

Plaintiff now seeks partial summary judgment on two facts. First,

> On or about the 1st week of December 2005, Jerry Ryan received a call from base military police summoning Sophia Torok to the [Naval Air Station] security office, alleging that she had been seen inside her car with the keys in the ignition. Sophia responded that the asserted incident was a fabrication in that she could produce witnesses that would place her riding the school bus to the base that day, (and every day since). This is one example of the "thorough review and consideration" that Capt. Stuyvesant was undertaking for his [Executive Officer]'s stated intent to file an "ERD" (deportation proceeding)."

---

[2] A complete recitation of the facts relevant to this case may be found in the Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment, Docket Entry No. 11.

Plaintiff's Motion for Partial Summary Judgment ("Pltf's Part. Summ. J.") at 2 and 5.  Second,

> On April 17, 2006 Lt. Paige Ormiston gave notification of a denial of appeal in the matter of Sophia Torok's "Drivers license suspension case." The notification of denial of appeal is dated January 9, 2006.  This is exactly the maximum allowable time for a response to an appeal.  The notification of denial of appeal ".pdf" format creation date is . . . [March 9, 2006].  Plaintiff alleges that the dates on documents produced by NAS Sigonella are not wholly reliable and/or procedural timeliness is not being adhered to.

Id. at 2 and 5.  Additionally, Plaintiff seeks summary judgment finding that Captain Stuyvesant "coordinated actions with [Department of Defense Dependent Schools - Europe] for purposes of . . . further prosecution of case 06-1009 and 06-1008." Id. at 6.  Finally, Plaintiff seeks to shift to the Defendant the burden to "prove his statements not to be '. . . devoid of evidentiary support and replete with self-serving assertions couched as statements of fact.'" Id.

## ARGUMENT

Plaintiff's Motion for Partial Summary Judgment should be denied because Plaintiff cannot carry his burden under Rule 56 of the Federal Rules of Civil Procedure.[3]  Rule 56 allows summary judgment whenever "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Whether a party is entitled to summary judgment is determined based upon the party's burden of proof at trial, as required by the substantive law governing the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986) ("[T]he judge must view the evidence presented

---

[3] Defendant does not retreat from his initial position that the entire case should be dismissed under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). See generally Defendant's Motion to Dismiss.

through the prism of the substantive evidentiary burden."). Whether facts are material is a question governed by the applicable substantive law. <u>Anderson</u>, 477 U.S. at 248. "Factual disputes that are irrelevant or unnecessary will not be counted." <u>Id.</u>

Here, Plaintiff's entire motion addresses issues wholly irrelevant to the essential substantive issue in the case – an installation commander's authority to preclude a dependent civilian, whose sponsor has been transferred from the base, from accessing the installation. It is essential to recall that Plaintiff's Complaint challenged a Barment Order promulgated by the Commanding Officer of Naval Air Station Sigonella on grounds related to the order's impact on Plaintiff's minor child, SG. <u>See generally</u> Complaint. Plaintiff's intervening nine filings with this Court have distracted from that substantive question, and instead shifted focus to separate and distinct allegations that Plaintiff may have raised in three other lawsuits filed with this Court, but are not germane to this suit. <u>See generally</u> Pltf's Part. Summ. J. at 5 (purporting to ascribe to Defendant the legal obligation to be familiar with the contents of Civil Action Nos. 06-1008, 06-1009, and 06-1141, cases in which Defendant is not a party); <u>see also</u> Plaintiff's Motion with Jurisdiction Arguments, Docket Entry No. 16 (referring throughout the filing to allegations raised in Civil Action Nos. 06-1008, 06-1009, and 06-1141).

Because this lawsuit is – and has always been – about the validity of the Barment Order vis-a-vis SG, nothing in Plaintiff's instant filing is material. As Defendant articulated in his Motion to Dismiss, a court should uphold a Commanding Officer's exercise of his broad authority to exclude civilians from the installation under his command, so long as that authority is not exercised in a "patently arbitrary or discriminatory" manner. <u>See</u> Defendant's Motion to Dismiss at 19-20; <u>see also</u> <u>Cafeteria & Restaurant Workers Union, Local 473 v. McElroy</u>, 367

U.S. 886, 891 (1961). Here, Ms. Torok's assertions that Navy officials are fabricating an incident where "she [was] seen inside her car with the keys in the ignition," see Pltf's Part. Summ. J. at 2, and Plaintiff's allegation that the document denying Ms. Torok's appeal was not generated on January 9, 2006, see id., are immaterial to the question of whether the Commanding Officer's decision to bar SG was patently arbitrary or discriminatory. Thus, Plaintiff's request for summary judgment on the issues of the allegedly fabricated incident related to Ms. Torok, and the allegedly falsified denial of her appeal, must be denied because these issues are immaterial to the disposition of his Complaint.

Likewise, Plaintiff's request for summary judgment on the issue of whether "[D]efendant coordinated actions with [Department of Defense Dependent Schools - Europe ("DoDDS-E")] for purposes of . . . further prosecution of case 06-1009 and 06-1008," see Pltf's Part. Summ. J. at 6, must also be denied. Again, this case presents a challenge to a Barment Order based on its impact upon SG. See Complaint. It is simply irrelevant to the validity of the Barment Order whether Captain Stuyvesant "coordinated" with DoDDS-E representatives for any purpose, let alone some purpose related to Civil Actions 06-1008 and 06-1009.

Even if any of these allegations were material, Plaintiff has not presented sufficient evidence to warrant an entry of summary judgment. It is noteworthy that Plaintiff did not file a single affidavit or other document to provide evidentiary support for the allegations he raises in the instant motion. See generally Pltf's Part. Summ. J. While Plaintiff has submitted pages of emails, letters, photographs, and even advertisements along with his filings – see, e.g., Motion for TRO (Docket Entry No. 8) (Attachments); Motion with Jurisdiction Arguments (Docket Entry No. 16) (Attachments) – none of these materials demonstrates that Sigonella authorities

fabricated allegations against Ms. Torok; that Navy officials falsified the date on the denial of Ms. Torok's appeal; or that Captain Stuyvesant collaborated in some measure with DoDDS-E. In short, there is no evidence to support Plaintiff's prayer for summary judgment, and it should be denied.

Finally, Plaintiff's request to shift the burdens of proof and persuasion to the Defendant, see Pltf's Part. Summ. J. at 6, lacks legal support, and should be denied. The Plaintiff in a civil suit bears the burden of proving his or her case. See generally Burch v. Reading Co., 240 F.2d 574, 578-79 (3rd Cir. 1957) (noting that the "classical statement of the burden of proof in an ordinary civil case" is "preponderance of evidence," and that plaintiff bears that burden); see also Dale v. Thomason, 962 F. Supp. 181, 182 n.2 (D.D.C. 1997).  The defendant in a civil action may undertake a burden of persuasion in some instances – for example, if he seeks to dismiss a complaint for failure to state a claim. See id. at 183 (noting that in such a case, the defendant must show that the plaintiffs can prove no set of facts in support of their claims which would entitle them to relief) (citations omitted).  Indeed, Defendant acknowledged the various applicable burdens of proof and standards of review in his Motion to Dismiss. See Defendant's Motion to Dismiss at 5-8.  In stark contrast, Plaintiff provides no rationale for, or legal authority supporting, the wholesale burden-shifting he seeks to impose.  Absent some showing by Plaintiff why a shifting of burdens is legally necessary and appropriate, this Court should deny Plaintiff summary judgment, or any relief, on this point.

## CONCLUSION

WHEREFORE, Defendant submits that Plaintiff's Motion for Partial Summary Judgment should be denied.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-6531

OF COUNSEL:

Thomas F. Leary, LCDR, JAGC, USN
General Litigation Division
Office of the Judge Advocate General
1322 Patterson Avenue, S.E., Suite 3000
Washington, D.C. 20374-5066

## **CERTIFICATE OF SERVICE**

I hereby certify that on this \_\_\_\_ day of March, 2007, I caused the foregoing to be served upon plaintiff via electronic mail addressed as follows: marvin.green@eu.dodea.edu, and by first class mail, postage prepaid, addressed as follows:

Marvin E. Green
220 Pinckney Street, Apt. B
San Antonio, Texas 78209-6904


/s/
MARIAN L. BORUM
Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARVIN GREEN,** ) | |
| o/b/o the minor child SG, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 06-1434 (RBW) |
| ) | |
| **JOSEPH STUYVESANT,** ) | |
| Captain, U.S. Navy, ) | |
| ) | |
| **Defendant.** ) | |

## <u>ORDER</u>

This matter is before the Court on Defendant's Opposition to Plaintiff's "Motion for Summary Judgment as to Defendants Failure to Contest Evidence," Docket Entry No. 27. Upon consideration of Defendant's Opposition and the entire record of this case, it is this _____ day of _____, 2007,

**ORDERED** that Plaintiff's "Motion fo Summary Judgment as to Defendants Failure to Contest Evidence" should be, and hereby is, DENIED.

                                                                                    _____
                                                                                    UNITED STATES DISTRICT JUDGE

Copies to:

    Marian L. Borum
    Assistant United States Attorney
    Judiciary Center Building
    555 Fourth Street, N.W., Room E4810
    Washington, DC  20530


    Marvin E. Green
    220 Pinckney Street, Apt. B
    San Antonio, Texas 78209-6904