IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARVIN GREEN, ) | |
| o/b/o the minor child SG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1434 (RBW) |
| ) | |
| JOSEPH STUYVESANT, ) | |
| Captain, U.S. Navy, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
"REQUEST FOR FINDING RE: STATUS OF APPEAL TO CONGRESSPERSON AS IT
RELATES TO ADMINISTRATIVE REMEDY PROCESS."**

  The Defendant, through counsel, the United States Attorney for the District of Columbia, hereby respectfully submits the following Memorandum in Opposition to Plaintiff's "Request for Finding Re: Status of Appeal to a Congressperson as it Relates to Administrative Remedy Process" ("Pltf's Req. for Finding"), Docket Entry No. 26.  Plaintiff's "request" should be denied because it addresses an issue wholly irrelevant to the substantive issue in the case – an installation commander's authority to preclude a dependent civilian, whose sponsor has been transferred from the base, from accessing the installation.  See generally Complaint.  In addition, Plaintiff can point to no authority for the proposition that an appeal by a constituent to a Congressperson, in and of itself, compels any action by Defendant.

**FACTUAL AND PROCEDURAL BACKGROUND[1]**

Plaintiff challenges an order issued by the Commanding Officer of Naval Air Station Sigonella (Italy), which barred plaintiff's minor child, SG, from accessing the base. See generally Complaint. Plaintiff specifically alleges that the Barment Order was "legally defective in its failure to separately recognize SG's continuing status as a [Department of Defense] Civilian's dependent . . . ." Id., Part IV.

The parties have fully briefed this matter. See Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment, Docket Entry No. 11, ("Defendant's Motion to Dismiss"); Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, Docket Entry No. 20; Defendant's Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss or, in the Alternative, For Summary Judgment, Docket Entry No. 23. The parties also have responded to the Court's Order to Show Cause why this case should not be dismissed for want of personal or subject matter jurisdiction. See Court's Order of December 28, 2006, Docket Entry No. 15; Plaintiff's Reply to the Court's Order to Show Cause, Docket Entry No. 16; Defendant's Response to Plaintiff's Reply to the Court's Order to Show Cause, Docket Entry No. 22.

Plaintiff now seeks a finding "that Captain Stuyvesant is required to respond to" Ms. Torok's appeal of her October 2005 "'implied consent' conviction" for "refusing to blow on a breathalyzer[,]" Pltf's Req. for Finding at 1, 3, and to SG's appeal of the Barment Order. Pltf's Req. for Finding at 3. Additionally, Plaintiff seeks "a full written adjudication of [SG's] appeal from Captain Stuyvesant's Barment Order justifying his decisions and detailing the process by

---

[1] A complete recitation of the facts relevant to this case may be found in the Defendant's Motion to Dismiss or, in the Alternative, For Summary Judgment ("Motion to Dismiss"), Docket Entry No. 11.

which they were arrived . . . ." Id. Plaintiff asserts that compliance with these "requirements" is appropriate because Ms. Torok and SG have appealed these matters to their congressperson. Id.

## ARGUMENT

Plaintiff's Request for Finding should be denied because it addresses an issue wholly irrelevant to the substantive issue in the case – an installation commander's authority to preclude a dependent civilian, whose sponsor has been transferred from the base, from accessing the installation. Further, even if this issue were relevant, Plaintiff lacks standing to bring a third-party action on Ms. Torok's behalf. Finally, Plaintiff's request should be denied because Plaintiff can point to no authority for the proposition that an appeal by a constituent to a Congressperson, in and of itself, compels any action whatsoever by Defendant.[2]

Regarding Plaintiff's demand that Captain Stuyvesant respond to Ms. Torok's appeal of her "'implied consent' conviction" for "refusing to blow on a breathalyzer[,]" Pltf's Req. for Finding at 1, 3, it is essential to recall that Plaintiff's Complaint challenges a Barment Order promulgated by the Commanding Officer of Naval Air Station Sigonella on grounds related to the order's impact on Plaintiff's minor child, SG. See generally Complaint. Plaintiff's intervening nine filings with this Court have distracted from that substantive question, and shifted focus to separate and distinct allegations that Plaintiff may have raised in three other lawsuits filed with this Court, but are not germane to this suit. See Plaintiff's Motion for Summary Judgment as to Defendants Failure to Contest Evidence, Docket Entry No. 27 at 5

---

[2] Defendant does not retreat from his initial position that the entire case should be dismissed under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). See generally Defendant's Motion to Dismiss.

3

(purporting to ascribe to Defendant the legal obligation to be familiar with the contents of Civil Action Nos. 06-1008, 06-1009, and 06-1141, cases in which Defendant is not a party); see also Plaintiff's Motion with Jurisdiction Arguments (Docket Entry No. 16) (referring throughout the filing to allegations raised in Civil Action Nos. 06-1008, 06-1009, and 06-1141). Because this is – and has always been – a case about the validity of the Barment Order vis-a-vis SG, Plaintiff's request regarding Ms. Torok's appeal is irrelevant to the issue in this lawsuit.

Even if the Plaintiff's request were relevant, Plaintiff lacks standing to advance Ms. Torok's interests in this manner. In order to establish Article III standing, a plaintiff must show that "(1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." D&H Alfonso Realty Trust v. Garvey, 216 F.3d 1191 (D.C. Cir. 2000) (citing Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167 (2000); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). Third-party standing, or the right of a third party to advocate the rights of an individual not a party to the case, is generally disfavored: "a party must generally assert his own legal rights and interests and cannot claim relief on the legal rights or interests of others." Kowalski v. Tesmer, 543 U.S. 125, 129 n.2 (2004) (quoting Warth v. Seldin, 422 U.S. 490, 499 (1975)). This general rule, however, admits of exceptions when the litigant can demonstrate: (1) an injury in fact; (2) that the litigant has a "close relationship" with the non-party and (3) that there exists some hindrance to the non-party's ability to protect her own interests. Powers v. Ohio, 499 U.S. 400, 410-11 (1991).

Plaintiff asserts that Defendant has "failed to make a written response" to Ms. Torok's appeal of her "'implied consent' conviction to her Congressperson," Pltf's Req. for Finding at 3, and asks that defendant be required to respond to this appeal. See id.  However, Plaintiff has failed to articulate any justification why this Court should allow him to bring this action on behalf of Ms. Torok.  First, Plaintiff has failed to state how Ms. Torok has been injured by the defendant's not responding to an appeal to a Congressperson.  Second, although a "close relationship" might be assumed to exist between Plaintiff and Ms. Torok, Plaintiff has not alleged facts sufficient to draw such a conclusion.  Id.; see also City of Roseville v. Norton, 219 F. Supp. 2d 130, 144 (D.D.C. 2002) (noting that in considering a motion to dismiss for lack of standing, the Court must consider as true all material allegations in the complaint) (citation omitted), aff'd 348 F.3d 1020 (D.C. Cir. 2003).  Finally, Plaintiff has failed to allege any hindrance to Ms. Torok's ability to raise these issues to this Court, and has provided no explanation whatsoever for her absence in these proceedings.  See generally Pltf's Req. for Finding; see also City of Roseville, 219 F. Supp. 2d at 144 ("If there is some genuine obstacle . . . the third party's absence from court loses its tendency to suggest that [her] right is not truly at stake, or truly important to [her], and the party who is in court becomes by default the right's best available proponent.") (quoting Singleton v. Wulff, 428 U.S. 106, 116 (1976)).  Accordingly, Plaintiff's attempt to bring a third party cause of action on Ms. Torok's behalf should be dismissed.

Plaintiff also demands that Defendant provide "a full written adjudication of [SG's] appeal . . . justifying his decisions[;] and detailing the process by which they were arrived . . . ." Pltf's Req. for Finding at 3.  Plaintiff argues that this must be done because "SG has appealed his

barment from Naval Air Station Sigonella directly to his congressperson[.]" Id. However, Plaintiff can point to no authority for the proposition that an appeal by a constituent to a Congressperson, in and of itself, compels any action by Defendant. As Defendant articulated in his Motion to Dismiss, Captain Stuyvesant, the Commanding Officer of Naval Air Station, Sigonella, Italy, barred Ms. Torok and SG from the installation noting that Plaintiff "ha[d] officially transferred from Sigonella;" that Ms. Torok and SG, "failed to accompany [Plaintiff] to his new duty station in Naples, Italy;" and that under "Italian Immigration laws, the North Atlantic Treaty Organization Status of Forces Agreement (NATO SOFA) and local instructions, command sponsorship for all approved family members terminates upon the transfer of the sponsor." Motion to Dismiss at 3 (citations to Exhibits omitted).

On June 29, 2006, Ms. Torok requested reconsideration of the Barment Order. Id. (citing Exhibit 6). In support of her request, she cited the pendency of Civil Action No. 06-1009 before this Court, and a notification to Congressman Waxman regarding an alleged failure to follow due process. Id. Defendant denied Ms. Torok's request on July 5, 2006, and stated that neither the pending civil action nor Ms. Torok's correspondence with a congressperson were relevant to his decision to issue the Barment Order. See id.

During these procedures, Defendant afforded Ms. Torok more process than was required under relevant precedent. See Cafeteria & Restaurant Workers Union, Local 473 v. McElroy, 367 U.S. 886, 894-96 (1961). Indeed, a person precluded from accessing a military installation is not constitutionally entitled to notice or a hearing. Id. at 895. Yet, Defendant exceeded what the law required, and afforded Ms. Torok an opportunity to respond to the Barment Order. See Motion to Dismiss, Exhibit 3. Nevertheless, Plaintiff now would require Defendant to provide a

written response to an additional appeal that SG has made regarding the Barment Order, not to him, but to a congressperson.  See Pltf's Req. for Finding at 3.  Plaintiff cites to no legal authority which requires Defendant to provide such a response, nor compels the Court to consider such a claim.  Accordingly, Plaintiff's request should be denied.

## **CONCLUSION**

WHEREFORE, Defendant submits that Plaintiff's "Request for Finding Re: Status of Appeal to a Congressperson as it Relates to Administrative Remedy Process," Docket Entry No. 26, should be denied.

                                               Respectfully submitted,

                                               /s/
                                             JEFFREY A. TAYLOR, D.C. BAR # 498610
                                             United States Attorney

                                               /s/
                                             RUDOLPH CONTRERAS, D.C. BAR # 434122
                                             Assistant United States Attorney

                                               /s/
                                             MARIAN L. BORUM, D.C. Bar # 435409
                                             Assistant United States Attorney
                                             Civil Division
                                             555 4th Street, N.W.
                                             Washington, D.C. 20530
                                             (202) 514-6531

OF COUNSEL:

Thomas F. Leary, LCDR, JAGC, USN
General Litigation Division
Office of the Judge Advocate General
1322 Patterson Avenue, S.E., Suite 3000
Washington, D.C. 20374-5066

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of March, 2007, I caused the foregoing to be served upon plaintiff via electronic mail addressed as follows: marvin.green@eu.dodea.edu, and by first class mail, postage prepaid, addressed as follows:

Marvin E. Green
220 Pinckney Street, Apt. B
San Antonio, Texas 78209-6904


　　　　　　　　　　　　　　　　　　　/s/_____
　　　　　　　　　　　　　　　　　　　MARIAN L. BORUM
　　　　　　　　　　　　　　　　　　　Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARVIN GREEN,** o/b/o the minor child SG, | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) Civil Action No. 06-1434 (RBW) |
| **JOSEPH STUYVESANT,** Captain, U.S. Navy, | ) ) ) ) |
| **Defendant.** | ) |

## ORDER

This matter is before the Court on Defendant's Opposition to Plaintiff's "Request for Finding Re: Status of Appeal to a Congressperson as it Relates to Administrative Remedy Process," Docket Entry No. 26. Upon consideration of Defendant's Opposition and the entire record of this case, it is this _____ day of _____, 2007,

**ORDERED** that Plaintiff's "Request for Finding Re: Status of Appeal to a Congressperson as it Relates to Administrative Remedy Process" should be, and hereby is, DENIED.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

    Marian L. Borum
    Assistant United States Attorney
    Judiciary Center Building
    555 Fourth Street, N.W., Room E4810
    Washington, DC  20530


    Marvin E. Green
    220 Pinckney Street, Apt. B
    San Antonio, Texas 78209-6904