Marvin Green
220 PINCKNEY ST APT B
SAN ANTONIO TX 78209-6904
marvin.e.green@us.army.mil
C 210-389-6231, H 210-824-0959

In The

## District Court of the United States – District of Columbia

| | |
|---|---|
| MARVIN GREEN for SG,<br>　　　　　Plaintiff,<br>v.<br>Capt. Stuyvesant,<br>　　　　　Defendant. | ) Case No. <u>06-1434 RBW</u><br>)<br>) MEMORANDUM SEEKING<br>) TO DEFINE MATERIAL<br>) EVIDENCE IN THIS CASE<br>) AND RESPOND TO DEFENDANT'S<br>) DOCKET 30 MEMORANDUM<br>)<br>)<br>)<br>) Date: March 13, 2007<br>) |

### I. <u>INTRODUCTION</u>

"The motion should be denied because Plaintiff has not demonstrated the absence of a genuine issue of material fact." I just can't understand Ms. Borum's statement – but I did look up "material fact". "A fact that would be important to a reasonable person in deciding whether to engage in a particular transaction; an important fact as distinguished from some unimportant or trivial detail";

www.nfa.futures.org/basicnet/glossary.aspx

Defendant has raised spousal behavior as material facts in this case yet in seeking dismissal failed to address the primary issue as to why SG was included on the barment order. No behavior on his part, or any other

MARVIN GREEN for SG v. CAPT. STUYVESANT

justification, has been advanced as pertaining to justification for his inclusion on the barment order.

## II. STATEMENT OF FACTS

Stuyvesant banned SG from his base. Previously submitted evidence from SG's doctor, (asserted as coming "from the CO"), claims the barment order is not, (or is no longer), being directed at SG. Yet he remains on the barment order and is ever mindful that he must maintain perfect behavior even to the extent of not allowing manufactured evidence to be brought forth against him - as has happened to his mother.

The standard of behavior he must maintain in order to complete school with his friends, the example of continuing defeat and ineffectual response on the part of his mother – these are the effects of Stuyvesant's callousness. Ms. Borum seeks to exclude by a motion inviting the court to a rush for summary judgment of dismissal while excluding "material facts" that point to a pattern of errors and abrogated justice flowing from Captain Stuyvesant.

I filed this suit on the weakest aspect of the barment order which is SG's inclusion and the fact that his rights and his mother's rights each independently flowed from my employment as a European stationed U.S. Government Employee. Had his mother been an Italian citizen she would have had many additional options for recourse, hence "equal protection" is at issue for all. Had this occurred on a base in the United States, state laws would have afforded each of us more legal options. Captain Stuyvesant has no state laws to adhere to, no Italian laws are enforceable upon him since the

MARVIN GREEN for SG v. CAPT. STUYVESANT

only English speaking lawyer asserted he required the Captain's permission to represent us – so the Captain has only to select the most convenient Federal Laws that he may enforce, (and has chosen the SOFA/NATO agreement), and can do so without fear of contradiction from his score of legal staff "servants" – both American and Italian. Captain Stuyvesant is the Stewart of all the available government power in this circumstance and has chosen to use it without separateable address to SG's welfare. This is the barment order's most defective aspect.

### III. ARGUMENTS

Ms Borum would have us believe that the only "material fact" is the Captain's government imbued self evident authority to act capriciously and with reckless disregard in continuing to leave issued an order affecting SG's welfare.

The Captain and Ms Borum both defend his actions by the introduction of all manner of "self-serving assertions couched as statements of fact" detailing supposed and unproven allegations of misbehavior on Sophia's part – but not one fact explaining why SG continues to be listed on an official naval order barring him from Captain Stuyvesant's base.

When Plaintiff, taunted by Ms Borum's introduction of spousal behavior as justification for the barment order, attempts to defend that behavior by detailing the Captain's errors in his management of his agency's administrative justice procedures, Ms Borum responds with accusations of

MARVIN GREEN for SG v. CAPT. STUYVESANT

sur-reply and "…must be denied because these issues are immaterial to the disposition of his Complaint".

## IV. CONCLUSION

Defendant can't have it both ways. They continue to assert spousal behavior as material justification to the existence of the barment order. The barment order addresses each of my dependents. SG's inclusion on the order is at issue primarily. What justification has the defendant advanced for his inclusion on the barment order? The Defendant's motion to dismiss is without any foundation as it fails to address the primary issue of the case.

Date: March 13, 2007

/s/ Marvin E. Green