Marvin Green
220 PINCKNEY ST APT B
SAN ANTONIO TX 78209-6904
marvin.e.green@us.army.mil
C 210-389-6231, H 210-824-0959

In The

## District Court of the United States – District of Columbia

| | |
|---|---|
| MARVIN GREEN for SG,  Plaintiff, <br> v. <br> Capt. Stuyvesant,  Defendant. | Case No. 06-1434 RBW <br><br> REBUTTAL TO DOCKET #31 AND SURREPLY TO MOTION TO DISMISS <br><br><br><br> Date: March 19, 2007 |

## I. INTRODUCTION

From Docket #31: ""Plaintiff's "request" should be denied because it addresses an issue wholly irrelevant to the substantive issue in the case – an installation commander's authority to preclude a dependent civilian, **whose sponsor has transferred from the base**[emphasis added], from accessing the installation. See generally Complaint"". If Scientology ever taught me anything it was to beware of generalities couched as "everybody knows" facts.

I'm incensed to the point of pity for Defendant Council. Hasn't she read her exhibit #1 yet? She parrots the generality in the barment order as if it were fact - this from the barment order:

MARVIN GREEN for SG v. CAPT. STUYVESANT

"Pursuant to Italian Immigration laws, the North Atlantic Treaty Organization Status of Forces Agreement (NATO SOFA) and local instructions, command sponsorship for all approved family members terminates upon the transfer of the sponsor. Therefore, you are not entitled to remain in the local area."

I challenge Defendant Council to cite any specific code paragraph that supports any of the four contentions, or the conclusion, of this passage in the barment order. Command sponsorship flows from orders issued by various DoD entities. The Captain may issue sponsorship, (and even withdraw it where he has been the issuer) – but my dependents continue to be sponsored by DoDDS orders and they remain command sponsored until Aug 31 2007.

## II. STATEMENT OF FACTS

Exhibit #1, Article III, #4: "If a member of a force or a civilian component leaves the employ of the sending State and is not repatriated, the authorities of the sending State shall immediately inform the authorities of the receiving State, giving such particulars as may be required. The authorities of the sending State shall similarly inform the authorities of the receiving State of any member who has absented himself for more than twenty-one days."

I never left the employ of the sending state by working for DoDDS in Naples – and I still work for DoD even today. The current orders, not vague and misleading statements couched "generally" as facts by the Captain - can be used to ascertain current sponsorship status.

MARVIN GREEN for SG v. CAPT. STUYVESANT

The most interesting aspect of this SOFA passage is that the Captain continues to deny my wife ALL of her various rights by his premature informing of the Italian authorities of her changed immigration status when that change has not yet occurred. He remains responsible for obtaining an Italian soggorno for her – despite his now pathetic assertion that she should do this in Naples. He remains responsible for SGs failure to get a soggorno as well - since SGs application has been sitting in the same pending basket for the last 3-5 years.

Exhibit #1, Article VII, #1b: "the authorities of the receiving State shall have jurisdiction over the members of a force or civilian component and their dependents with respect to offences committed within the territory of the receiving State and punishable by the law of that State."

Exhibit #1, Article VII, #2b: "The authorities of the receiving State shall have the right to exercise exclusive jurisdiction over members of a force or civilian component and their dependents with respect to offences, including offences relating to the security of the State, punishable by its law but not by the law of the sending state."

According to my wife's incident report: "Security Duty Translator [name redacted] notified Paterno Carabinieri of the incident, however they declined to respond …". So apparently the Duty Translator contacted the wrong town (Peterno instead of Pedara), (Peterno where GIs live and Security therefore has an established rapport with the Carabinieri – doubly not fair), and yet

3

MARVIN GREEN for SG v. CAPT. STUYVESANT

the Italian State Carabinieri Police in Paterno declined to exercise their **exclusive** jurisdiction on behalf of the receiving state.

### III. ARGUMENTS

The sponsorship of my dependents flows from orders issued by the Department of Defense Dependent Schools. They continue to be sponsored, space required at Naples and space available at any other military installation in Europe. Now I specifically, (in accepting my PPP transfer to Texas), requested space required orders for my dependents to Sigonella. I received tepid assurance from my personnelist that this would be the case. The orders I did receive reneged on this promise on which I based my acceptance of my PPP transfer. While this may be germane to case 06-1008 it only relates tangentially to this case. To witt: each of my dependents continues to be sponsored until their orders and ID card, (ID card that the captain's base issued them), expire on August 31, 2007. Granted that they are "space available" at Sigonella under these new and to be contested orders – but clearly sponsored none the less.

The Captain has no authority to bar my dependents from his base – if basing it on my transfer to Naples, or even now to the Army in Texas.

It would seem from my wife's incident report that the Italian authorities were contacted and declined to prosecute and now the Captain's previous prosecution of the matter constitutes an overstepping of his authority and his

MARVIN GREEN for SG v. CAPT. STUYVESANT

continued assertions that she was a drunk driver are now a matter of simple defamation which he uses to obfuscate his mounting errors.

While we are on the subject of questioning the Captains veracity; after this case gets underway I would depose Diane Ohman. I know that she met with the Captain on two occasions, and I was asked to request a 1 year renewal before the 2nd meeting. Did she mention to him that I had filed a wife related EEO complaint, or make any representations as to my dependents sponsorship status? I may be able to prove the Captain's knowledge was greater than his statements indicate.

Another thing I will be seeking is a document I recently heard is in current circulation at the base - that contains the names of individuals that are currently barred from the base. If SG's name is on it then the (barment subsequent) date on the document will prove continuing intent directed toward SG. If SG's name is not on the document then Captain will have tacitly admitted the primary defect in the barment order and been negligent in not withdrawing or amending it to exclude SG.

## IV. CONCLUSION

The Captain barred my dependent wife and son from his base. He did so without sufficient cause in the case of my wife and without any cause in the case of SG. He did so knowing that my wife was the sole caregiver to my son. He did so carelessly in regards to SG - as SG was in the midst of a medical

MARVIN GREEN for SG v. CAPT. STUYVESANT

procedure. He specifically directed the barment order to the hospital and the school. The continuing intent directed at SG is clear.

Date: March 19, 2007

/s/ Marvin E. Green