UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARVIN GREEN, <br> o/b/o the minor child SG, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH STUYVESANT, <br> Captain, U.S. Navy, <br><br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 06-1434 (RBW) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### DEFENDANT'S MOTION FOR IMPOSITION OF FILING RESTRICTIONS AND MEMORANDUM IN OPPOSITION TO DOCKET ENTRY NUMBERS 32 AND 33

Defendant, Captain Joseph Stuyvesant, through counsel, the United States Attorney for the District of Columbia, respectfully moves this Court to relieve Defendant of any obligation to respond to pending or future motions filed by Plaintiff unless ordered to do so by the Court. Additionally, Defendant respectfully submits this memorandum in opposition to Plaintiff's "Memorandum Seeking to Define Material Evidence in this Case," Docket Entry No. 32, and his "Rebuttal to Docket No. 31 and Surreply to Motion to Dismiss," Docket Entry No. 33.

Since the initiation of this suit, Plaintiff has filed a steady stream of documents containing unwarranted claims, substantiated by neither sound legal arguments nor supporting evidence, at times without leave of the Court, and in violation of applicable Local and Federal Rules of Civil Procedure. Mindful of Plaintiff's pro se status, and the latitude accorded to his filings, Estelle v. Gamble, 429 U.S. 97, 106 (1976), Defendant has consistently endeavored to provide appropriately substantive responses. See, e.g., Defendant's Motion to Dismiss, Docket Entry No. 11, at 4-5 (noting that the nature of, and jurisdictional basis for, Plaintiff's challenge are not

entirely clear, but advocating dismissal on any theory he might be advancing).  Defendant seeks this remedy in lieu of sanctions that are otherwise available against Plaintiff pursuant to Fed. R. Civ. P. 11(c) but, nonetheless, based on the guidance that this Rule offers, and the Court's general authority under Article 3 of the U.S. Constitution and Title 28 U.S.C. § 1651(a) (All Writs Act).[1]

## PROCEDURAL BACKGROUND

Plaintiff's propensity for frequent filing first manifested itself in his Motions for Temporary Restraining Orders, ("Pltf's Motion for TRO 1" and "Pltf's Motion for TRO 2"), Docket Entry Nos. 8 and 9, respectively.  In these submissions, Plaintiff argued that the Barment Order that forms the nucleus of this case should be invalidated for two reasons not previously enumerated in his Complaint: first, because Plaintiff was misinformed as to whether his spouse, Ms. Torok, could remain in Sigonella after Plaintiff had left the area; and second, because the Defendant had not adequately considered Ms. Torok's welfare and the discrimination allegations she raised to representatives of the Department of Defense Dependent Schools - Europe ("DODDS-E").  See Pltf's Motion for TRO 1 at 2-3, Docket Entry No. 8; Pltf's Motion for TRO 2, at 3-4, Docket Entry No. 9.  Defendant opposed Plaintiff's motions, generally arguing that none of Plaintiff's allegations diminished the propriety of the Barment Order.  See Defendant's Memorandum in Opposition at 9-12, Docket Entry No. 13 (citing, inter alia, Cafeteria & Restaurant Workers Union, Local 473 v. McElroy, 367 U.S. 886, 891 (1961).  This Court denied without prejudice Plaintiff's Motions for a Temporary Restraining Order, and ordered Plaintiff to

---

[1] See Del Canto v. ITT Sheraton Corp., 865 F. Supp. 934, 938 (D.D.C. 1994) (standards for evaluating 11(c) requests); Cox v. Preferred Technical Group, Inc., 110 F. Supp.2d 786, 789-90 (N.D. IA 2000) (pro se plaintiff subject to sanctions).

show cause why the case should not be dismissed for lack of jurisdiction. Order to Show Cause, Docket Entry No. 15.

Plaintiff responded to the Court's Order with not only a submission that ostensibly presented "jurisdiction arguments," see "Proposed Motion for Temporary Restraining Order with Jurisdiction Arguments," Docket Entry No. 16, but also with two Motions to Compel compliance with Local Civil Rule 7(m), ("Pltf's Motion to Compel 1 and 2"), Docket Entry Nos. 17 and 19, respectively. Plaintiff argued in his Motions to Compel that Local Civil Rule 7(m) mandated a settlement conference between the parties to facilitate a less technical discussion of the procedural posture and merits of Plaintiff's case. See Pltf's Motion to Compel 1 at 1-2, Docket Entry No. 17. Defendant responded in opposition and pointed out that Local Rule 7(m) applies to non-dispositive motions – not the dispositive Motion to Dismiss that was pending before the Court – and does not apply in the manner that Plaintiff asserted. See Defendant's Opposition to Motion to Compel at 3-4, Docket Entry No. 21.

A mere four days after filing the second of his Motions to Compel, on January 30, 2007, Plaintiff also filed a Memorandum in Opposition to the Defendant's Motion to Dismiss. See Docket Entry No. 20. This filing failed to address three of the main arguments raised in the Motion to Dismiss, inappropriately advanced a novel claim under the Freedom of Information Act, and advanced two unpersuasive challenges to the Barment Order's validity. See Defendant's Reply to Plaintiff's Opposition at 2-6, Docket Entry No. 23.

Plaintiff's more recent filings have strayed farther afield from the initial question raised in his Complaint. In Plaintiff's "Request for Finding Re: Status of Appeal to a Congressperson as it Relates to Administrative Remedy Process," ("Pltf's Request for Finding"), Plaintiff demanded

3

that the Defendant respond to Ms. Torok's appeal of her "implied consent" conviction and to SG's appeal to his Congressperson regarding the Barment Order. See Pltf's Request for Finding at 3, Docket Entry No. 26. Defendant opposed that request, arguing that Plaintiff lacked standing to bring a third-party action on Ms. Torok's behalf, and that Plaintiff could point to no authority for the proposition that an appeal by a constituent to a Congressperson, in and of itself, compels any action by the Defendant any more than it compels the Court to consider such a claim. See Defendant's Opposition to Pltf's Request for Finding at 3-7, Docket Entry No. 31.

One day after filing the "Request for Finding," Plaintiff submitted a "Motion for Summary Judgment as to Defendant's Failure to Contest Evidence," ("Pltf's Part. Summ. J.") Docket Entry No. 27. In this filing, Plaintiff asserted that Navy officials fabricated allegations against Ms. Torok; that Navy officials falsified the date on the denial of Ms. Torok's appeal; that the Defendant collaborated in some measure with DODDS-E; and that the burdens of proof and persuasion should be shifted to the Defendant. See Pltf's Part. Summ. J. at 1-6, Docket Entry No. 27. Defendant treated this as a Motion for Partial Summary Judgment, and filed an opposition arguing that Plaintiff had not provided any evidentiary support for his allegations, and that summary judgment was not appropriate because none of the allegations were material to the disposition of the case. See Defendant's Opposition to Pltf's Part. Summ. J. at 3-6, Docket Entry No. 30.

Most recently, Plaintiff submitted two additional filings. On March 13, 2007, Plaintiff filed a "Memorandum Seeking to Define Material Evidence in this Case and Respond to Defendant's Docket 30 Memorandum ("Pltf's Suppl. Memo."). See Docket Entry No. 32. Here, Plaintiff essentially avers that the primary issue in this case is the inclusion of his minor son, SG,

on the Barment Order, and that the Defendant's motion to dismiss is "without any foundation as it fails to address the primary issue of the case." Pltf's Suppl. Memo. at 4, Docket Entry No. 32.

On March 19, 2007, Plaintiff filed a "Rebuttal to Docket #31 and Surreply to Motion to Dismiss," ("Pltf's Rebuttal and Surreply"). See Docket Entry No. 33. In this submission, Plaintiff essentially restates positions he has articulated in various filings during this litigation – that his status as a "sponsor" entitles Ms. Torok and SG to access Naval Air Station Sigonella, and that the Defendant "has no authority to bar [Ms. Torok and SG] from his base. . . ." See Pltf's Rebuttal and Surreply at 4, Docket Entry No. 33.

## ARGUMENT

As with Plaintiff's prior filings, the procedural basis for, or legal arguments supporting, Plaintiff's Supplemental Memorandum, Docket Entry No. 32, are not expressly stated nor otherwise apparent. Inasmuch as the caption states that it is, in part, a response to "Defendant's Docket 30 Memorandum," Plaintiff's Supplemental Memorandum could be construed as a Reply to the Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment, Docket Entry No. 30. If the memoranda is so construed, Defendant refrains from offering further substantive response, because such response would constitute an improper surreply without leave of the Court. See Jackson v. Strayer College, 941 F. Supp. 192, 193 n.1 (D.D.C. 1996) ("The Federal Rules of Civil Procedure and the rules of this Court do not provide for surreplies as a matter of right, and the plaintiff has not moved this Court for, nor has the Court granted, leave to file the aforementioned surreplies.").[2]

---

[2] Plaintiff's Supplemental Memorandum avers that Defendant acted "capriciously and with reckless disregard" with respect to SG, and that Defendant used "all the available government power
(continued...)

However, Plaintiff's Supplemental Memorandum also could be construed to request relief not already described in his Motion for Partial Summary Judgment – specifically, a definition of "material evidence." See Pltf's Suppl. Memo., Caption ("Memorandum Seeking to Define Material Evidence . . ."), and at 1 (expressing uncertainty as to the definition of "material fact"), Docket Entry No. 32.[3] The Court should deny such a prayer for relief because it amounts to a post hoc request for legal advice from the Court. There is no basis in law for the Court to grant one party to litigation, pro se or otherwise, such dispensation. Cf. Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992) (requiring a pro se litigant to be provided notice, by either opposing counsel or the trial judge, of the consequences of failing to controvert factual assertions in a motion for summary judgment; but not requiring the court to assist in the effort) (emphasis added).

This Court also should deny Plaintiff's Rebuttal and Surreply, Docket Entry No. 33, because it was filed without leave of the Court. As previously noted, the Defendant moved to dismiss this case on numerous grounds on December 18, 2006. See Motion to Dismiss, Docket Entry No. 11. Plaintiff filed a Memorandum in Opposition to the Defendant's Motion to Dismiss on January 21, 2007, see Docket Entry No. 20, and the Defendant filed a Reply brief on January

---

[2](...continued)
in this circumstance and has chosen to use it without separateable [sic] address to SG's welfare." Pltf's Suppl. Memo. at 3, Docket Entry No. 32. These themes echo arguments first raised in Plaintiff's Complaint which were fully briefed in Defendant's Motion to Dismiss and subsequent filings related to it. See Motion to Dismiss at 11-19, Docket Entry No. 11 (discussing alternative theories of the case, each of which warrant dismissal); see also Defendant's Reply at 2-5, Docket Entry No. 23 (same).

[3]The standards applicable to a Motion for Summary Judgment – including a discussion of what facts are "material" – were included in Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment. See Defendant's Motion to Dismiss at 7-8, Docket Entry No. 11. In addition, as required by Local Rule 7(h), Defendant submitted a proposed Statement of Undisputed Material Facts in conjunction with the summary judgment motion. See id.

30, 2007, see Docket Entry No. 23.  This sequence "closed the loop" with respect to the Defendant's Motion to Dismiss, and any additional filings on this aspect of the litigation require this Court's leave.  See Strayer College, 941 F. Supp. at 193 n.1; Groobert v. President and Directors of Georgetown College, 219 F. Supp.2d 1, 13 n.2 (D.D.C. 2002) ("Although the Federal Rules of Civil Procedure and this district's Local Civil Rules are silent on this issue, it is standard practice for a party seeking to file a surreply to move the court for leave to file such a surreply.") (internal citations omitted).  Because Plaintiff has failed to obtain leave of the Court to file his Rebuttal and Surreply, this Court should deny this filing.

As indicated above, the legal and procedural foundations for Plaintiff's filings are generally ill-defined.  See Motion to Dismiss at 4-5, Docket No. 11 (summarizing Defendant's alternative arguments for dismissal, given the latitude accorded to pro se litigants).  This combined with Plaintiff's demonstrated propensity to file multiple motions with little or no merit, has created an unnecessarily complicated procedural history.  Instead of briefing this case in a thorough and efficient manner, Plaintiff's piecemeal and repetitive litigation strategy has yielded no fewer than sixteen separate filings for the Court's consideration, eleven of which were filed after the Court issued an Order to Show Cause why the case should not be dismissed for lack of jurisdiction.  See Order to Show Cause, Docket Entry No. 15; cf. Chaplaincy of Full Gospel Churches v. England, 454 F.3d 290, 295 (D.C. Cir. 2006) (noting the "prolonged series of motions and petitions" that resulted in what the trial judge described as the case's "wearisome, piecemeal litigation.") (citations omitted).  Rather than continuing what has devolved into an ongoing sequence of legally baseless "thrusts" by the Plaintiff, followed by the Defendant's obligatory "parries," Defendant requests that the Court enter an order relieving Defendant of any

obligation to respond to any additional motions filed by Plaintiff, unless ordered to do so by the Court.[4]  Such an order will protect the efficiency and integrity of the litigation process in this case, and will save the Court from having to rule on a series of motions that, from all indications, are frivolous or unnecessary.[5]

WHEREFORE, Defendant respectfully submits that Defendant's Motion for Imposition of Filing Restrictions against Plaintiff should be granted, and Plaintiff's "Memorandum Seeking to Define Material Evidence in this Case and Respond to Defendant's Docket 30 Memorandum," Docket Entry No. 32, and Plaintiff's "Rebuttal to Docket No. 31 and Surreply to Motion to Dismiss," Docket Entry No. 33, should be denied.  A proposed Order consistent with this Motion is attached.

---

[4] See Christian v. Mattel, Inc., 286 F.3d 1118, 1129 (9th Cir. 2002) (District court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing); Fries v. Helsper, 146 F.3d 452, 458 (7th Cir. 1998), citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990); Truesdale v. Southern California Permanente Medical Group, 293 F.3d 1146,1153 (9th Cir. 2002); See also In re Martin Trigona, 737 F.2d 1254, (2d Cir. 1984), cert. denied, 474 U.S. 1061(1986) (Federal courts have both inherent power and constitutional obligation to protect jurisdiction from conduct which impairs Article III functions and to enjoin a party's litigation activities.

[5] While Defendant submits that the principles set forth in Rule 11 have been violated, Defendant is not seeking sanctions under that rule.  Therefore, the 21-day notice and opportunity to withdraw provisions set forth in Rule 11 (c)(1)(A) are inapplicable to this motion.

        Respectfully submitted,

        /s/
        JEFFREY A. TAYLOR, D.C. BAR # 498610
        United States Attorney

        /s/
        RUDOLPH CONTRERAS, D.C. BAR # 434122
        Assistant United States Attorney

        /s/
        MARIAN L. BORUM, D.C. Bar # 435409
        Assistant United States Attorney
        Civil Division
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 514-6531

OF COUNSEL:

Thomas F. Leary, LCDR, JAGC, USN
General Litigation Division
Office of the Judge Advocate General
1322 Patterson Avenue, S.E., Suite 3000
Washington, D.C. 20374-5066

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 22nd day of March, 2007, I caused the foregoing to be served upon plaintiff via electronic mail addressed as follows: marvin.green@eu.dodea.edu, and by first class mail, postage prepaid, addressed as follows:

Marvin E. Green
220 Pinckney Street, Apt. B
San Antonio, Texas 78209-6904

                                    /s/
                                  MARIAN L. BORUM
                                  Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARVIN GREEN,** ) | |
| o/b/o the minor child SG, ) | |
|  ) | |
| **Plaintiff,** ) | |
| v. ) | **Civil Action No. 06-1434 (RBW)** |
|  ) | |
| **JOSEPH STUYVESANT,** ) | |
| Captain, U.S. Navy, ) | |
|  ) | |
| **Defendant** ) | |
| _____) | |

## ORDER

This matter is before the Court on Defendant's Motion for Imposition of Filing Restrictions. Upon consideration of Defendant's motion, and the entire record of this case, it is this _____ day of _____, 2007,

**ORDERED** that Plaintiff's "Memorandum Seeking to Define Material Evidence in this Case and Respond to Defendant's Docket 30 Memorandum," Docket Entry No. 32, should be, and hereby is, DENIED.

**FURTHER ORDERED** that Plaintiff's "Rebuttal to Docket No. 31 and Surreply to Motion to Dismiss," Docket Entry No. 33, should be, and hereby is, DENIED.

**FURTHER ORDERED** that Defendant's Motion for Imposition of Filing Restrictions should be, and hereby is, GRANTED.

**FURTHER ORDERED** that Defendant is relieved of any obligation to respond to pending or future motions filed by Plaintiff unless ordered to do so by the Court.

Dated this _____ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

    Marian L. Borum  
    Assistant United States Attorney  
    Judiciary Center Building  
    555 Fourth Street, N.W., Room E4810  
    Washington, DC  20530

    Marvin E. Green  
    220 Pinckney Street, Apt. B  
    San Antonio, Texas 78209-6904