## Unknown

| | |
|---|---|
| **From:** | Green, Marvin |
| **Sent:** | Tuesday, August 01, 2006 04:37 |
| **To:** | 'dhartnett@elitokandhartnett.com' |
| **Subject:** | FW: never give up, never surrender... |
| **Attachments:** | Legal Coach Agreement Aug06.PDF; DC Court - Complaint for WhistleBlower Protection.pdf |

Well Doug, you're missing out on the action…

I've filed 3 cases, and I'm back in over my head again.

06-1008RBW was my first effort. I requested ECF access and it was granted.
06-1009RBW was number 2.
06-1141RBW has been sealed. (attached).

Help.

**Marvin Green**
DSN: 629-4538
Cell: +39(335)773-9719
marvin.green@eu.dodea.edu

---

**From:** green, marvin
**Sent:** Sunday, February 26, 2006 18:20
**To:** 'Doug Hartnett'
**Subject:** RE: never give up, never surrender…

I registered in PACER and have my CM/ECF application/petition ready to fax in tomorrow.

I ordered the book from nolo.com that has the "lawyer coach" agreement. I'll scan it and send it to you when it arrives.

I don't expect anything I do to ever go to trial.

The injunction I wish to get from the court would prevent the executive officer of the Naval base in Sigonella from instituting a ERD procedure. (What? – (exactly – I don't know what it is either…)). It seems to be a procedure for removing my dependents from Italy and sending them back to Calif.

I may be in a position to send some business your way. I, and about 10 of my fellow GS-2210-12s, have not been renewed in the overseas area. Not too surprising since DoDDS-E is closing a number of schools in Europe. What is surprising is that none of us has had more than 1 training class in last 6 years, while all of our replacements, contractors and GS, are younger and better trained, usually professionally certified. In addition, 6 years ago when they started the A76 study, the Director put in writing that if contractors were hired the GS employees would have first right of refusal for a 1 year minimum contract. I'm considering asking for a contractor position in lieu of the priority placement program.

A week from tomorrow I will be attending a "floater convention" with the rest of my fellow European ejectees in Frankfurt Germany. I'd be happy to print and pass out a printed copy of your business card if you like.

Ironically our GM14 IT manager and the GS13 top technician were also ejected. I hear the GM14 is re-assigned in Washington. They will make excellent references for anything I do legally.

I have a basic strategy. I want to file simple separate actions for each element, starting with simple easy, low risk, requests that the judge will find easy to grant, then gradually build element by element until I get to my top 2 goals. Get paid, (and I'll tell you the other after I build your confidence in me).
(I noticed that when you file a case you can link them to earlier ones).

I'm reading the rest of your e-mail:
I agree that the deposing process could go against me if I'm not prepared. Off the top of my head – I could ask for list of questions to be asked beforehand or I could come to Washington and you could sit with me. (I was there Dec2 for an

interview at the State Dept. – 51% chance I will get the job)

Injunctions being hard to get:
My wife was discriminated against by DoDDS-E, she constructively abandoned her attempt to gain a teaching position in favor of a retail position that the ERD procedure would effectively deprive her of. My son has 2 medical conditions that require my wife to drive him to medical appointments and provide him with emergency care should he need it. The base executive officer has exceeded his authority in limiting my wife's action outside of the base. She falls under Italian law off base. He is effectively telling us that she will lose her job if she is caught driving off base.

I can ask for a temporary enjoining that will give her enough time to establish her Hungarian dual citizenship and effectively kidnap my son. OK, that was just sarcasm, but somewhat true in that she is applying for a Hungarian passport as a second generation Hungarian refugee. And yes, she really is Hispanic – I looked it up.

Getting dark, I need to go home.



-----Original Message-----
**From:** Doug Hartnett [mailto:dhartnett@elitokandhartnett.com]
**Sent:** Tuesday, February 21, 2006 5:55 PM
**To:** 'green, marvin'
**Subject:** RE: never give up, never surrender…

Marvin!

I have most certainly not forgotten who you are.  Glad to here your keeping up the fight.
The answer is, yes I am a member of the Federal Dist Ct for DC bar.

What is the nature of you case filed in DC - an injunction?  For what?  Against DOD?

I have never been in the kind of representation contract you are talking about, but am not facially opposed to it.  Does the
Nolo.com  cite have a discussion on the ethics and liability implications of that sort of "legal consulting"?  Also, I am not sure you could recover legal fees unless the attorney makes an "appearance" in the case, and once an appearance if filed, the attorney is responsible for your legal rights (in consultation with you on strategy and

On the question of whether you would *really* be able to learn to represent yourself competently, well, that sort of depends on the facts and level of complication of the case.  Federal District Court is the "big leagues" -- for example, I have been a member of that bar for 6-7 years, but I am not "trial certified"  meaning, if I had a case that was going to a jury trial, I would need to get a more experienced lawyer who had done a jury trial before to sign on to the case.  (This is not true for Pro Se representation, you can do it if it comes to that because you have a fundamental right to access to the courts.  They regulate lawyers.)  But as a practical matter, pro se cases rarely, rarely, rarely, rarely (are you getting the idea of how rarely?) go all the way to trial.  The non-meritorious ones get dismissed and the meritorious ones get settled.

The other side of this coin is that as a pro se you get a good deal more latitude and instruction (short of legal advice) from the Judge and the clerks than a lawyer does.  If you are competent, professional and reasonable, they do respect that and can be helpful, at least on procedural matters and technical details about filing stuff and that sort of thing.  They obviously cannot, and will not, give you any strategic or substantive legal advice.

I think the answer to your question, "Will I really be able to learn everything I need to know to represent

myself competently?" is, and I'm sorry to be such a Lawyer here, but, the answer is, Maybe.

You probably could do a reasonable job of getting the case to the first point where the agency has to decide if it wants to settle the case fairly. That would be sometime after filing a complaint in federal District Court that they have to really respond to and take seriously. If you get past a motion to dismiss (before Discovery) or similar answer that calls for immediate dismissal, then you may be able to negotiate a settlement that works for you. I would suggest however, that if you are facing any kind of formal discovery process, where the Agency is going to depose you, or you are going to have to file interrogatories or respond to them, that you need to at least seek informal advise from an attorney as you describe above, or outright representation.

As far as worrying about going to trial, or anything like that, don't even consider it in your decision-making. At this point, acting alone, you are in the driver's seat to take this as far as makes sense for you. You decide what resources are thrown in (personal and financial), and can pull out whenever you want to. If and when the time comes that you form a representation agreement with an attorney, you will both have to discuss what the scope of that commitment is (especially the attorney's commitment to your and your case), because that is some thing you need to consider in selecting an attorney. (Of course, never forget that you are always in the driver's seat about your case no matter what your attorney tells you and he can't force you to take any legal action on your behalf that you don't agree to, ever) But I digress!

The real reason you don't need to concern yourself with taking a case all the way to trial is that meritorious claims almost always settle out before going to trial. In this particular way, the system seams to function as intended - cases are encouraged to settle, and they do, for the most part. There are no guarantees, of course, and a lot depends on the reasonableness of either or both sides, and there is certainly no guarantee about that! But you needn't be thinking, "Am I prepared to go all the way?!"
In all honesty, what you need to ask yourself is "Am I prepared to take this fight as far as makes sense, and if it doesn't make sense, can I settle for less that a full measure of justice in order to preserve my own happiness and peace of mind and get on with my life?"

Sorry if this is more than you asked for, I guess I am feeling philosophical today.

I am concerned that your cause of action is an injunction request. Those are hard to get. I would need to know more before I could help or agree to get involved.

Doug

---

**From:** green, marvin [mailto:Marvin.E.Green@eu.dodea.edu]
**Sent:** Wednesday, February 15, 2006 5:35 AM
**To:** Douglas Hartnett (dhartnett@elitokandhartnett.com)
**Subject:** never give up, never surrender...

It has been so long you have probably forgotten who I am.

I solicited you when you were with Passman and Kaplan, I looked up your 'moldy jelly' case on internet and found you were a closet artist as in a penchant for singing. We had a phone interview. Then I went with Farber and something because the senior partners wouldn't let you commit the firm representing me.

Looks like you have partnered and set up your own firm now. Congratulations. (And of course I hope it means you are hungry for new business).

So I've pretty much decided to represent myself now. I've been exploring the Electronic Case Filing procedure for the District Court in D.C. (are you registered with them? Embarred? there I guess is how one would put it.

Oh, I interviewed for a State Dept job on Dec 2 in D.C., I toured the Supreme Court and bought a Barron's Law Dictionary in their book store. Page 46: "The complete body of attorneys is called 'the bar'" - so the question is: Are you a member of the Federal District Court for D.C., bar?

What I'm trying to do right now is write an injunction, I'm looking for an example that might be close to the matter I want to enjoin.

2007-06-16

I've been reading Nolo's "Legal Research" book, and I read "Legal Writing & Legal Method" by Dernbach and co.

I was just on Nolo.com and wondered if you would work with me on this basis:

### Will I really be able to learn everything I need to know to represent myself competently?

Again, the basics of how to bring or defend a case aren't difficult. But trying to get on top of every nuance of procedure and strategy isn't easy. That's why Nolo suggests a two-pronged approach: learn how to handle routine representation tasks yourself while hiring a lawyer as a self-help law coach to provide advice on strategy and tactics as needed. In many situations, hiring a lawyer to coach your self-help efforts will cost only about 10% -- 20% of what it would cost to hire the lawyer to do the entire job.

I especially like the 10-20% part, but I'm not convinced that I/we wouldn't be able to bill the government for legal fees. It was right there in Passman's book...



2007-06-16