UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
MARVIN GREEN,                           )
on behalf of minor child SG,            )
                                        )
        Plaintiff,                      )
                                        )   Civil Action No. 06-1434 (RBW)
v.                                      )
                                        )
JOSEPH STUYVESANT,                      )
                                        )
        Defendant.                      )
_____)

# ORDER

On December 19, 2006, the defendant filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment, which has been fully briefed and is now before the Court for resolution. However, since the filing of the defendant's motion, the plaintiff has filed numerous additional motions and documents, most of which are duplicative of motions filed by the plaintiff and already pending before this Court.[1] Currently, before the Court is defendant Joseph Stuyvesant's Motion for Imposition of Filing Restrictions and Memorandum in Opposition to Docket Entry Numbers 32 and 33 ("Def's Mot."). Specifically, defendant Joseph Stuyvesant requests that the Court impose restrictions upon the pro se plaintiff, Marvin Green, because of his "steady stream of documents containing unwarranted claims, substantiated by neither sound legal arguments nor supporting evidence, at times without leave of the Court, and in violation of applicable Local and Federal Rules of Civil Procedure." Def's Mot. at 1. The Court's docket

---

[1] The plaintiff has filed the following motions: Motion for Temporary Restraining Order with Jurisdiction Arguments (Jan. 14, 2007) (requesting an exemption for his minor child from state residency requirements);Motion to Compel (Jan. 15, 2007) (requesting that the Court apply Local Civil Rule 7(m) to dispositive motions or order a settlement conference); Motion to Compel (Jan. 17, 2007) (duplicate request for the Court to apply Local Civil Rule 7(m) to dispositive motions); First Motion for Partial Summary Judgment and/or a Finding (Feb. 25, 2007) (raising claims on behalf of a third party not named in this action); First Motion for Summary Judgment or a Finding (Feb. 27, 2007) (raising additional allegations of fraudulent activities by the defendant); Response to First Motion for Summary Judgment by Sophia (Feb. 28, 2007) (filing a personal letter with the Court that does not appear to request anything or to serve as an exhibit); Memorandum Seeking to Define Material Evidence (Mar. 14, 2007) (requesting legal advice from the Court); and Surreply to Motion to Dismiss (Mar. 20, 2007) (submitting a sur-reply without leave of court).

does not indicate that the pro se plaintiff has filed a timely opposition to this motion or requested an extension of time to file an opposition.

While the Court is concerned about ensuring that pro se litigants are not denied access to the judicial process due to their unfamiliarity with the process, Calloway v. Brownlee, 366 F. Supp. 2d 43, 55 (D.D.C. 2005) (Walton, J.) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding that the Court "must take pains to protect the rights of pro se parties against the consequences of technical errors")), the right of access to the courts is not absolute or unconditional. In re Green, 669 F.2d 779, 785 (D.C. Cir. 1981). The United States Court of Appeals for the District of Columbia has held that if a litigant persistently abuses the judicial process by filing repetitive and frivolous lawsuits, "a court may employ injunctive remedies to protect the integrity of the courts and the orderly and expeditious administration of justice." Urban v. United Nations, 768 F.2d 1497, 1500 (D.C. Cir. 1985). This Court concludes that the District of Columbia Circuit's holding in Urban equally applies to the filing of duplicate motions by pro se plaintiffs. Accordingly, in the interests of justice, judicial economy, and the speedy resolution of this action, it is hereby

**ORDERED** that the plaintiff shall not file, without explicit leave of the Court, any duplicate motions, responses to motions, or supplemental documentation to any motions that have already been filed in this matter and are currently pending resolution.

**SO ORDERED** on this 21st day of June, 2007.

_____
REGGIE B. WALTON
United States District Judge