UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
MARVIN GREEN,                                         )
as representative for minor child SG        )
                                                                    )
                Plaintiff,                                     )
                                                                    )
        v.                                                         )        Civil Action No.  06-1434 (RBW)
                                                                    )
JOSEPH STUYVESANT                              )
Captain, U.S. Navy, et al.,                          )
                                                                    )
                Defendant.                                   )
_____)

**MEMORANDUM OPINION**

On August 14, 2006, the plaintiff, proceeding pro se, filed his Complaint ("Compl.") in this action, which challenges one of the defendants'– Captain Joseph Stuyvesant, the Commanding Officer of Naval Air Station in Sigonella, Italy– issuance of a barment order on June 27, 2006, that has the effect of barring the plaintiff's wife, Sophia Torok, and minor son, SG, from the Sigonella Naval Air Station.  Compl. at 2.[1]  Specifically, the barment order prohibited the plaintiff's wife and minor son from accessing the Sigonella Naval Air Station for any purpose, including, but not limited to, receiving medical treatment at the Naval hospital and the son attending school at the Stephen Decatur Secondary School, which are

---

[1] The Court notes that although the plaintiff lists Kerry Abramson as a defendant to this action in the caption of his complaint, all of his allegations asserted in his complaint challenge Captain Stuyvesant's barment order.  Therefore, the complaint is silent as to what, if any, role defendant Abramson played in the issuance of the barment order.  Nevertheless, the Court's rulings in this Memorandum Opinion, and the Order filed contemporaneously herewith, also encompass defendant Abramson.   In addition, since neither the paragraphs nor the pages of the plaintiff's Complaint are numbered, the Court has sequentially numbered the pages of his five page Complaint for ease of reference.

located on the grounds of the Naval Air Station.  Id. at 2-4.  The plaintiff asserts that the barment order "represents 'reckless disregard' in its execution and is legally defective in its failure to separately recognize SG's continuing status as a [Department of Defense] Civilian's dependent–independent of his mother's mis-classification."  Id. at 5.

Currently before this Court is the defendants' December 19, 2006, motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction)[2] ("Def.'s Mot.").[3]  For the following reasons, the defendants' motion must be granted.

## I.  Standards of Review

**Dismissal for Lack of Jurisdiction**

On a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss, the plaintiff bears the burden of establishing by a preponderance of the evidence that the court has jurisdiction to entertain his claims. Grand Lodge of Fraternal Order of Police v. Aschcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) (holding that the court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority"); Pitney Bowes, Inc. v. U.S. Postal Serv., 27 F. Supp. 2d 15, 19 (D.D.C. 1998).  Since a motion for dismissal under "Rule 12(b)(1) presents a threshold challenge to the court's jurisdiction. . . .", Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987) (citations omitted), Rule 12(b)(1) requires dismissal of a complaint if the Court

---

[2] The defendants also move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) and for summary judgment pursuant to Federal Rule of Civil Procedure 56.  However, due to the resolution of the defendants' Rule 12(b)(1) request, the Court does not need to address these alternative grounds for dismissal at this time.

[3] The following papers have also been submitted in connection with this motion: (1) Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss ("Pl.'s Opp'n") and (2) Defendant's Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, or in the alternative for Summary Judgment ("Def.'s Reply").

"lack[s] . . . jurisdiction over the subject matter . . . ." Fed. R. Civ. P. 12(b)(1). While the Court is required to accept as true all of the factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993), because the plaintiff has the burden of establishing the Court's jurisdiction, the "plaintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." Grand Lodge of Fraternal Order of Police, 185 F. Supp. 2d at 13-14 (citation and internal quotation marks omitted). This scrutiny permits the Court to consider material outside of the pleadings in its effort to determine whether it has jurisdiction. See EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25 n.3 (D.C. Cir. 1997); Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir. 1992); Haase, 835 F.2d at 906; Grand Lodge of Fraternal Order of Police, 185 F. Supp. 2d at 14.

## II. Legal Analysis

The defendant requests that the Court dismiss the plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) because: (1) "this Court lacks jurisdiction over the subject matter of an action under the Federal Tort Claims Act, because Green has not asserted, nor can he allege, that he has exhausted his administrative remedies under that Act," Def.'s Mot. at 4, and (2) "this Court lacks jurisdiction over the subject matter of Green's prayer for relief with respect to [the] state and federal law claims of 'reckless disregard' and 'child endangerment' because courts have long refrained from providing litigants with 'advisory opinions' of the type Green seeks," id. at 4-5, and (3) "Green lacks standing to advance these criminal charges before this Court", id. at 5. In the plaintiff's opposition, he does not address any assertions and

arguments set forth in the defendants' motion to dismiss pursuant to Rule 12(b)(1). See Plaintiff Opposition ("Pl.'s Opp'n."). The Court is therefore left to evaluate the sustainability of this matter against the challenge being raised by the defendants based solely on the plaintiff's Complaint.

The Supreme Court instructed in Haines v. Kerner, 404 U.S. 519, 520 (1972) that the complaint of a pro se plaintiff must be held to "less stringent standards than formal pleadings drafted by lawyers." Richardson v. United States 193 F.3d 545, 548 (D.C. Cir. 1999) (holding that "[c]ourts must construe pro se filings liberally") (citing Haines, 404 U.S. at 520). Despite this required leniency, a pro se plaintiff's Complaint "must at least meet a minimal standard" of what pleadings must entail. Price v. Phoenix Home Life Ins. Co., 44 F. Supp. 2d 28, 31 (D.D.C.1999) (citing Wilson v. Civil Town of Clayton, Ind., 839 F.2d 375, 378-79 (7th Cir.1988)).

Here, the plaintiff has failed to set forth in his Complaint the statutory or other authority upon which his claim is grounded or the basis for this Court's jurisdiction. Initially, the plaintiff asserts that his son is being harmed medically by his inability to have access to the military base following his recent surgery and contends that his son will further be harmed by not being able to attend the high school located on the base which he has attended for the past five years. Compl. at 3-4. The plaintiff then states in his Complaint that he is challenging defendant Stuyvesant's issuance of the June 27, 2006 barment order that has resulted in his wife and minor son being barred from the Sigonella Naval Air Station, id. at 2, and he requests that the Court "set aside" the barment order. Id. at 4. Finally, the plaintiff requests that this Court find that the "[p]laintiff[,] as [a] parent[,] has the right to file civil 'reckless disregard' and/or 'child

endangerment' charges (or other similar laws as might be more applicable), against the office of Base Capt., NAS Sigonella-under California law . . . [and] federal law." Id. at 5. This totally fails to comply with the pleading requirements of Federal Rule of Civil Procedure 8(a). Fed. R. Civ. P. 8(a) (requiring a party seeking relief to set forth in the party's pleading "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks"). Having failed to specify the basis for this Court's jurisdiction, the Court must conclude that the plaintiff has failed to establish that the Court has subject matter jurisdiction.[4] Accordingly, the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) must be granted.

### III.  Conclusion

For the foregoing reasons, the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction) is **GRANTED.**[5]

---

[4] The plaintiff's explanation concerning the challenge of the defendants' barment order hardly provides even a hint as to how this Court can exercise jurisdiction over this matter. The only conceivable jurisdictional basis upon which this Court could entertain this matter is the Administrative Procedures Act ("APA"). However, because, the plaintiff does not allege in his complaint that the barring of his wife and son from the Sigonella Naval Air Station was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), the Court cannot conclude that relief is being sought under the APA. Moreover, even if the Court could conclude that an APA claim has been pled, the Court would be unable to conclude that it can entertain this matter because the plaintiff has failed to allege that Sigonella Naval Air Station is a United States military facility or that he has exhausted all administrative remedies available to him.

[5] Also pending before the Court is the plaintiff's (1) Motion for Temporary Restraining Order Lifting Barment Order and Providing Evidence of Jurisdiction and Request a Finding or Order for SG as to His Student Residency Requirements filed on January 14, 2007 (stating that the Court has jurisdiction over the plaintiff because he interviewed with the State Department in Washington, D.C.); (2) Motion to Compel Defendant Council to DC Court Rule LCvR 7(m) filed on January 15, 2007; (3) Second Motion to Compel Rule LCvR7(m) with additional arguments against dismissal filed on January 17, 2007; (4)

(continued...)

(continued...)

**SO ORDERED** on this 11th day of September, 2007.[6]

/s/_____
REGGIE B. WALTON
United States District Judge

---

[5](...continued)
Request for Finding Re: Status of Appeal to a Congressperson as it Relates to Administrative Remedy Process filed on February 25, 2007(requesting that the Court order defendant Stuyvesant to respond to the plaintiff's wife's and son's appeals to their congressmen regarding his issuance of the June 27, 2006 barment order); (5) Motion for Summary Judgment as to the Defendants Failure to Contest Evidence filed on February 27, 2007(requesting that the Court find that the defendants have conceded disputed facts and that the defendants coordinated with the Department of Defense Dependent Schools-Europe to prosecute other matters filed with this Court); and (6) Motion for Order of Return of Government Identification Card to Rightful Custodian and Request for a Continuance Allowing Time to Reopen Case 06-1009 and Answer the Courts Objections as to Venue and Tort filed on June 19, 2007(requesting that the Department of the Navy return his wife's identification card to her and requesting that the Court reopen Marvin Green v. DODDS-E, Civ. No. 06-1009 (D.D.C. filed May 30, 2006) because he now has better arguments to make as it relates to venue). Since the Court is dismissing this matter pursuant to Federal Rule of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction), all pending motions in this action are also denied without prejudice. The plaintiff is also advised that his motion to reopen the case of Marvin Green v. DODDS-E, Civ. No. 06-1009 (D.D.C. filed May 30, 2006), should not have been filed in this case but in that case itself.

[6] An Order consistent with the Court's ruling has been issued contemporaneously herewith.